**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE THE ESTÉE LAUDER CO., INC. SECURITIES LITIGATION

No. 1:23-cv-10669-AS

<u>PROTECTIVE ORDER</u>

ARUN SUBRAMANIAN, U.S.D.J.

Lead Plaintiffs Macomb County Employees Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees Retirement System and Defendants The Estée Lauder Companies Inc., Fabrizio Freda, and Tracey T. Travis (each, a "Party" and collectively, the "Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the Parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material ("Protected Discovery Material") to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

1

    a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously nondisclosed material relating to ownership or control of any non-public company;

    c. previously nondisclosed business plans, product development information, or marketing plans;

    d. any information of a personal or intimate nature regarding any individual; or

    e. any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as "Highly Confidential" only such portion of such material as consists of trade secrets or other highly sensitive information that the producing person reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing person, or its personnel, clients or customers.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or "Highly Confidential" information, in which case the transcript of the

designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel to whom it is reasonably necessary to disclose the information in this litigation;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action,

3

       provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. professional jury or trial consultants, mock jurors, and other professional litigation-support vendors retained by counsel to a Party, to whom disclosure is reasonably necessary for this litigation, provided any such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    g. court reporters, stenographers, video operators, and their staff engaged to transcribe or record depositions conducted in this action;

    h. special masters, mediators, other third parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation; and

    i. the Court and its support personnel.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

    a. outside counsel who have appeared as counsel of record for a Party in this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    c. any witness, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this action, provided any such person has first executed a Non-

4

        Disclosure Agreement in the form annexed as an Exhibit hereto;

    d. any person indicated as the custodian of the document in corresponding metadata or as confirmed by the producing person;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. professional jury or trial consultants, mock jurors, and other professional litigation-support vendors retained by counsel to a Party, to whom disclosure is reasonably necessary for this litigation, provided any such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    g. court reporters, stenographers, video operators, and their staff engaged to transcribe or record depositions conducted in this action;

    h. special masters, mediators, other third parties retained by the Parties for settlement purposes or resolution of discovery disputes or mediation; and

    i. the Court and its support personnel.

7. All Protected Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Protected Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts

only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

8. Any Party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.

   a. Unless a prompt challenge to a designating person's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   b. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating person

>   is unwilling to participate in the meet and confer process in a timely manner.
>
>   c. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases. Unless the designating person has waived the confidentiality designation by failing to oppose a motion challenging confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the producing person's designation until the Court rules on the challenge.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Protected Discovery Material or information contained in any Protected Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Unauthorized and Inadvertent Disclosures

    a. Each person who has access to Protected Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

    b. <u>Unauthorized Disclosure by a Receiving Person.</u> If a receiving person learns that, by inadvertence or otherwise, it has disclosed Protected Discovery Material to any person or in any circumstance not authorized under this Order, the receiving person must immediately (a) notify in writing the

producing person of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

c. Inadvertent Disclosure by the Producing Person. Pursuant to Federal Rule of Evidence 502(d) and consistent with Section III(K) of the Electronic Discovery Agreement and [Proposed] Order entered in this litigation, if, in connection with this litigation, a producing person inadvertently discloses information subject to a claim of attorney-client privilege, attorney-work-product protection, or other privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information and its subject matter.

d. If a producing person makes a claim of inadvertent disclosure, the receiving person shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving person shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

e. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log in accordance with Section III(L) of the

    Parties' Electronic Discovery Agreement and [Proposed] Order for the Inadvertently Disclosed Information. As with any information redacted or withheld, the receiving person may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving person should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

 f. The producing person retains the burden of establishing the privileged or protected nature of any information, including Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

11. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Protected Discovery Material and all copies thereof shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Whether the Protected Discovery Material is returned or destroyed, the receiving person must submit a written certification to the producing person by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Discovery Material that was returned or destroyed and (2) affirms that the receiving person has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, counsel of record for a receiving Party are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Protective Order.

12. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Discovery Material, that Party must:

   a. promptly notify in writing the designating person. Such notification shall include a copy of the subpoena or Court order;

   b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

   c. cooperate with respect to all reasonable procedures sought to be pursued by the designating person whose Protected Discovery Material may be affected.

If the designating person timely seeks a protective order, the Party served with the subpoena or Court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating person's permission. The designating person shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to

disobey a lawful directive from another court.

13. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| LABATON KELLER SUCHAROW LLP | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| /s/ James T. Christie<br>Michael P. Canty<br>James T. Christie<br>Guillaume Buell<br>Jacqueline R. Meyers<br>140 Broadway<br>New York, New York 10005<br>Telephone: 212-907-0700<br>Facsimile: 212-818-0477<br>Email: mcanty@labaton.com<br>jchristie@labaton.com<br>gbuell@labaton.com<br>jmeyers@labaton.com<br><br>*Lead Counsel for Lead Plaintiff Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System and the Proposed Class*<br><br>**VANOVERBEKE MICHAUD & TIMMONY P.C.**<br>Thomas C. Michaud (*pro hac vice* forthcoming)<br>79 Alfred Street<br>Detroit, Michigan 48201<br>Telephone: (313) 578-1200<br>Facsimile: (313) 578-1201<br>Email: tmichaud@vmtlaw.com<br><br>*Liaison Counsel for Lead Plaintiff Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System and the Proposed Class* | /s/ Monica K. Loseman<br>Barry H. Berke<br>Mary Beth Maloney<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.3860<br>Facsimile: 212.817.9230<br>BBerke@gibsondunn.com<br>MMaloney@gibsondunn.com<br><br>Jason J. Mendro<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Telephone: 202.887.3726<br>Facsimile: 202.530.9626<br>JMendro@gibsondunn.com<br><br>Monica K. Loseman (*pro hac vice*)<br>1900 Lawrence Street<br>Suite 3000<br>Denver, CO 80202-2211<br>Telephone: 303.298.5784<br>Facsimile: 303.313.2828<br>MLoseman@gibsondunn.com<br><br>*Counsel for Defendants The Estée Lauder Companies Inc., Fabrizio Freda, and Tracey T. Travis* |

11

Dated: April 28, 2025 　　　　　　　　　　　　　Dated: April 28, 2025

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　ARUN SUBRAMANIAN, U.S.D.J.

Dated:　　　New York, New York
　　　　　　　April 29, 2025

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE ESTÉE LAUDER CO., INC. SECURITIES LITIGATION | No. 1:23-cv-10669-AS<br><br>NON-DISCLOSURE AGREEMENT |

ARUN SUBRAMANIAN, U.S.D.J.

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Protected Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____   _____