UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

        :

        :

        :     No. 1:23-cv-10669-AS

        :

        :

IN RE THE ESTÉE LAUDER CO., INC.     :

SECURITIES LITIGATION     :     ANSWER TO CONSOLIDATED

        :     AMENDED CLASS ACTION

        :     COMPLAINT FOR VIOLATION OF

        :     THE FEDERAL SECURITIES LAWS

        :

        X

----------------------------------------------------

On March 31, 2025, the Court issued an Opinion and Order ("March 31, 2025 Order") denying the motion by Defendants The Estée Lauder Companies Inc. ("ELC"), Fabrizio Freda, and Tracey T. Travis (collectively "Defendants"), to dismiss the Amended and Consolidated Class Action Complaint (the "Complaint") filed by Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System (collectively, "Lead Plaintiffs"). In the March 31, 2025 Order, however, the Court rejected claims related to ELC's press release announcing financial results for the second quarter of fiscal year 2022. Portions of the Complaint, therefore, are inoperative and do not require a response. Defendants respond to the remaining allegations of the Complaint as follows:

## GENERAL DENIAL

Except as otherwise expressly stated herein, Defendants deny each and every claim, theory, and allegation asserted in the Amended Complaint, and specifically deny liability under § 10(b) and § 20(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder. Further, the Complaint contains allegations that were deemed nonactionable by the Court in its March 31, 2025 Order, and thus no response to

those allegations is required; to the extent a response is required, such allegations are denied. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement this Answer as may be necessary.

## RESPONSE TO HEADINGS AND FOOTNOTES

The Amended Complaint contains several headings, which Defendants have included in this Answer. The headings are not properly pleaded allegations requiring a response, and Defendants do not adopt the characterizations set forth in those headings. To the extent any headings contain allegations requiring a response, Defendants deny the allegations set forth therein. Defendants also deny the allegations contained in the footnotes from Lead Plaintiffs' Amended Complaint, except where they explicitly note otherwise.

## RESPONSE TO INDIVIDUAL PARAGRAPHS

## I.   NATURE OF THE ACTION

1.   To the extent that Paragraph 1 and Footnote 3 asserts legal conclusions, no response is required. To the extent that Paragraph 1 and Footnote 3 contain factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC is one of the world's leading prestige beauty companies. To the extent the allegations in Paragraph 1 and Footnote 3 constitute a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. To the extent the allegations in Paragraph 1 and Footnote 3 purport to quote or characterize ELC's statements and "policies and purchasing quotas," Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements or "policies and purchasing quotas," which speak for themselves. Defendants respectfully refer the Court to the full statements and documents for a complete and accurate account of their statements.

2.   To the extent that Paragraph 2 asserts legal conclusions, including with respect to the "Class Period," no response is required. To the extent that Paragraph 2 contains factual

allegations requiring a response, Defendants either deny the allegations, or lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations, except that they admit that on February 3, 2022, ELC issued a quarterly report for the second quarter of fiscal year 2022, and that on May 3, 2022, Mr. Freda spoke on ELC's earnings call for the third quarter of fiscal year 2022.  To the extent the allegations in Paragraph 2 purport to quote or characterize ELC's or Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the quarterly report and earnings call transcript for a complete and accurate account of their statements.

3.      To the extent that Paragraph 3 asserts legal conclusions, no response is required. To the extent that Paragraph 3 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 3 except that they admit that: the share price of ELC stock closed at $206.76 on November 1, 2022, and at $104.51 on November 1, 2023; Mr. Freda spoke on ELC's earnings calls for the first quarter of fiscal year 2023 on November 2, 2022, the third quarter of fiscal year 2023 on May 3, 2023, and the fourth quarter of fiscal year 2023 and fiscal year 2023 on August 18, 2023; and ELC issued a quarterly report on November 1, 2023.  To the extent the allegations in Paragraph 3 purport to quote or characterize ELC's or Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the documents and transcripts of the earnings calls for a complete and accurate account of their statements.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a Jefferies Research report, which speaks for itself.  Defendants respectfully refer the Court to the report for a complete and accurate account of its statements.

### A.    Lauder's Asia Travel Retail Business

4.    Defendants admit that ELC: is one of the world's leading prestige beauty companies; manufactures, markets, and sells high-quality skincare, makeup, fragrance, and hair care products worldwide; and sells its products in approximately 150 countries under numerous well-known luxury brand names, including Estée Lauder, La Mer, Origins, M·A·C, Le Labo, and Bobbi Brown.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis deny those allegations.

5.    To the extent the allegations in Paragraph 5 purport to characterize the "prestige beauty space," Defendants deny those allegations because they oversimplify or mischaracterize various aspects of the "prestige beauty space" and Defendants' business.  To the extent the allegations in Paragraph 5 purport to quote or characterize ELC's statements on its website, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website, which speaks for itself.  Defendants respectfully refer the Court to the website for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 5.

6.    Defendants deny the allegations in Paragraph 6, except that they admit that ELC's distribution channels include high-end department stores, upscale spas, and luxury e-commerce websites.  To the extent the allegations in Paragraph 6 purport to quote or characterize ELC's statements in its SEC filings, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the filings, which speak for themselves.  Defendants respectfully refer the Court to the SEC filings for a complete and accurate account of their statements.

7.    To the extent the allegations in Paragraph 7 purport to characterize ELC's financial results for 2009, 2018, 2021, and 2023, Defendants deny that the characterizations fully or accurately reflect the content of ELC's financial results, which speak for themselves.  Defendants respectfully refer the Court to ELC's full annual reports for the fiscal years 2009, 2018, 2021, and 2023 for a complete and accurate account of ELC's financial results.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations or regarding the mental

state and subjective beliefs of third parties, and on that basis deny those allegations. Defendants otherwise deny the remaining allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8 and Footnotes 4 and 5 to the extent they purport to characterize or draw conclusions from a report by analysts at Credit Suisse. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 8 and Footnotes 4 and 5, except that Defendants admit that on August 18, 2023, ELC issued an annual report for fiscal year 2023. To the extent the allegations in Paragraph 8 and Footnotes 4 and 5 purport to quote or characterize ELC's statements as part of that annual report, from its website, or from a report from analysts at Credit Suisse, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those documents, which speak for themselves. Defendants respectfully refer the Court to each document for a complete and accurate account of its statements.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 9, except that Defendants admit that ELC issued an annual report for the fiscal year 2022 on August 24, 2022, and issued an annual report for the fiscal year 2021 on August 27, 2021. To the extent the allegations in Paragraph 9 purport to quote or characterize ELC's statements in the annual reports, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the reports, which speak for themselves. Defendants respectfully refer the Court to the reports for a complete and accurate account of their statements.

**B.      Asia Travel Retail's Basement Exchange: China's *Daigou* Gray Market**

10.      To the extent the allegations in Paragraph 10 and Footnote 6 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that,

5

to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 10 and Footnote 6.

11.    Defendants deny the allegations in Paragraph 11 to the extent they purport to characterize or draw conclusions from regulations promulgated by the Chinese government, which speak for themselves.  Defendants respectfully refer the Court to those regulations for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 11 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 11.

12.    To the extent the allegations in Paragraph 12 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13 and Footnote 7 to the extent they purport to characterize or draw conclusions from regulations promulgated by the Chinese government, which speak for themselves.  Defendants respectfully refer the Court to those regulations for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 13 and Footnote 7 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and Footnote 7 regarding Chinese national passport statistics or the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 13 and Footnote 7, except that they admit that Hainan is twelve miles from the coast of mainland China.

14.     To the extent the allegations in Paragraph 14 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  To the extent that the allegations in Paragraph 14 purport to quote or characterize statements by Louis Vuitton Moet & Hennessey SE, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the full statements for a complete and accurate account of those statements.  Defendants otherwise deny the allegations in Paragraph 14.

### C.     Lauder Flooded *Daigou* with Product to Achieve Sales Growth Despite Telling Investors That It Never Benefits From the Gray Market

15.     Defendants admit that Mr. Freda spoke on ELC's February 5, 2019 earnings call for the second quarter of fiscal year 2019.  To the extent that the allegations in Paragraph 15 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the full transcript of the earnings call for a complete and accurate account of those statements.  Defendants otherwise deny the allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 16.

17.     Defendants deny the allegations in Paragraph 17 to the extent they purport to characterize or draw conclusions from regulations promulgated by the Chinese government, which speak for themselves.  Defendants respectfully refer the Court to those regulations for a complete and accurate statement of their contents.  To the extent the allegations in Paragraph 17 incorporate

a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 17.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 19.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 20.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 21.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 24, except that Defendants admit that Israel Assa was Global President, Travel Retail.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 25, except that Defendants admit that Israel Assa was President, Commercial Estée Lauder Travel Retail Worldwide.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 26.

### D.     China Cracked Down on *Daigou* and Lauder Concealed the Impact on Its Travel Retail Sales

27.     To the extent the allegations in Paragraph 27 reference "policies to crack down on *daigou* in China," the reference to unspecified regulatory activity is vague and Defendants deny those allegations on that basis.  To the extent the allegations in Paragraph 27 incorporate a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 27.

28.     To the extent that the allegations in Paragraph 28 purport to quote or characterize statements from China Duty Free Group Company Limited ("CDFG"), Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the full statement for a complete and accurate account of those statements.  Defendants otherwise deny the allegations in Paragraph 28.

29.     To the extent the allegations in Paragraph 29 reference "regulations aimed at cracking down on *daigou* activity," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations.  Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 29 regarding the mental states, subjective beliefs, or statements of unidentified third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 29.

30. To the extent the allegations in Paragraph 30 reference "regulations . . . cracking down on *daigou*," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 regarding the mental states and subjective beliefs of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 30.

**E.    Lauder Attributed Travel Retail Sales Increases to Its Brand Strength, Knowing *Daigou* Resale Was the True Driver**

31. Paragraph 31 includes allegations that were deemed nonactionable in the March 31, 2025 Order, and thus, no response to those allegations is required. To the extent Paragraph 31 asserts legal conclusions, including with respect to the "Class Period," no response is required. To the extent the allegations in Paragraph 31 reference "regulations cracking down on *daigou*," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations, and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants otherwise deny the allegations in Paragraph 31, except that Defendants admit that on February 3, 2022, ELC issued a quarterly report and an earnings press release and held an earnings call addressing the second quarter of fiscal year 2022. To the extent that the allegations in Paragraph 31 purport to quote or characterize ELC's statements in the quarterly report, earnings press release, or earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which

speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate account of those statements.

32.    To the extent that Paragraph 32 asserts legal conclusions, no response is required. To the extent that Paragraph 32 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 32, except that Defendants admit that on February 3, 2022, ELC issued a quarterly report for the second quarter of fiscal year 2022.  To the extent that the allegations in Paragraph 32 purport to quote or characterize ELC's statements in the quarterly report for the second quarter of fiscal year 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the full report for a complete and accurate account of those statements.

**F.    Defendants Falsely Touted an "Unchanged" Landscape in Hainan, Despite China's Severe Regulatory Crackdowns on *Daigou* Taking Effect**

33.    To the extent that Paragraph 33 and Footnote 8 assert legal conclusions, no response is required.  To the extent that Paragraph 33 and Footnote 8 contain factual allegations requiring a response, Defendants deny those allegations except that Defendants admit that on May 3, 2022, ELC held an earnings call addressing the third quarter of fiscal year 2022.  To the extent that the allegations in Paragraph 33 and Footnote 8 purport to quote or characterize statements made during the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the full transcript for a complete and accurate account of those statements.  To the extent the allegations in Paragraph 33 and Footnote 8 reference "crackdowns on *daigou* activity" by the Chinese government and "episodic governmental lockdowns in parts of China," the references to unspecified regulatory activity are vague and Defendants on that basis deny those allegations.

34.    To the extent that Paragraph 34 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent the allegations in Paragraph 34 reference

"*daigou* regulatory crackdowns," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. To the extent that Paragraph 34 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 34, except that Defendants admit that on Mr. Freda spoke on ELC's August 18, 2022 earnings call for the fourth quarter of fiscal year 2022 and fiscal year 2022. To the extent that the allegations in Paragraph 34 purport to quote or characterize statements made by Mr. Freda during the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of those statements.

### G. Lauder's Stock Price Dropped as It Revealed Partial Truths Explaining Poor Sales, While Offering False Reassurances to Investors

35. To the extent that Paragraph 35 asserts legal conclusions, no response is required. To the extent that Paragraph 35 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or actions of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 35, except that Defendants admit that on November 2, 2022, ELC issued a press release announcing its earnings for the first quarter of fiscal year 2023, and the share price of ELC stock closed at $189.96 on November 2, 2022. To the extent that the allegations in Paragraph 35 purport to quote or characterize statements made in ELC's earnings press release for the first quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves. Defendants respectfully refer the Court to the press release for a complete and accurate account of those statements.

36.     To the extent that Paragraph 36 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 36 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or actions of third parties, and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 36, except that Defendants admit that on February 2, 2023, ELC issued a press release announcing its earnings for the second quarter of fiscal year 2023, and the share price of ELC stock closed at $268.41 on February 2, 2023.  To the extent that the allegations in Paragraph 36 purport to quote or characterize statements made in ELC's earnings press release for the second quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the press release for a complete and accurate account of those statements.

37.     To the extent that Paragraph 37 asserts legal conclusions, no response is required. To the extent that Paragraph 37 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or actions of third parties, and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 37, except that Defendants admit that: on May 3, 2023, ELC issued a press release announcing its earnings and held an earnings call, both addressing the third quarter of fiscal year 2023; Mr. Freda spoke on the May 3, 2023 earnings call; and the share price of ELC stock closed at $202.70 on May 3, 2023.  To the extent that the allegations in Paragraph 37 purport to quote or characterize statements made in the earnings press release or by Mr. Freda during the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the press release and earnings call transcript for a complete and accurate account of those statements.

38.     To the extent that Paragraph 38 asserts legal conclusions, no response is required. To the extent that Paragraph 38 contains factual allegations requiring a response, Defendants lack

knowledge or information sufficient to form a belief as to the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from a report from analysts at Deutsche Bank. To the extent that the allegations in Paragraph 38 purport to quote or characterize the report from analysts at Deutsche Bank, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the report, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 38.

**H.    Defendants Admitted that the Company's Over-Reliance on *Daigou* Was the Primary Driver of Lauder's Net Sales Decline in Travel Retail**

39.    To the extent that Paragraph 39 asserts legal conclusions, no response is required. To the extent that Paragraph 39 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or actions of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 39, except that Defendants admit that: on August 18, 2023, ELC issued an earnings press release and held an earnings call, both addressing the fourth quarter of fiscal year 2023 and fiscal year 2023; Mr. Freda spoke on the August 18, 2023 earnings call; and the share price of ELC stock closed at $156.69 on August 18, 2023. To the extent the allegations in Paragraph 39 purport to quote or characterize the earnings press release or Mr. Freda's statements on the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of these statements, which speak for themselves. Defendants respectfully refer the Court to the report and earnings call transcript for the complete and accurate statement of their contents.

40.    To the extent that Paragraph 40 asserts legal conclusions, no response is required. To the extent the allegations in Paragraph 40 reference "the Chinese government's 2022 regulatory enactment to eradicate *daigou* for good," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and

14

subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. To the extent that Paragraph 40 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that Ms. Travis spoke on ELC's August 18, 2023 earnings call for the fourth quarter of fiscal year 2023 and fiscal year 2023. To the extent the allegations in Paragraph 40 purport to quote or characterize Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of the statements.

41. To the extent that Paragraph 41 asserts legal conclusions, no response is required. To the extent that Paragraph 41 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or actions of third parties, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 41, except that Defendants admit that: on November 1, 2023, ELC filed a quarterly report for the first quarter of fiscal year 2024; and the share price of ELC stock closed at $104.51 on November 1, 2023. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from an article by The Daily Telegraph. To the extent the allegations in Paragraph 41 purport to quote or characterize ELC's quarterly report for the first quarter of fiscal year 2024 or the article published by The Daily Telegraph, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the report or the article, which speak for themselves. Defendants respectfully refer the Court to the report and the article for a complete and accurate account of their statements.

## II.    JURISDICTION AND VENUE

42. The allegations in Paragraph 42 state legal conclusions to which no response is required.

43. To the extent that Paragraph 43 asserts legal conclusions, no response is required. To the extent that Paragraph 43 contains factual allegations requiring a response, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations.

44.     To the extent that Paragraph 44 asserts legal conclusions, no response is required. To the extent that Paragraph 44 contains factual allegations requiring a response, Defendants deny the allegations.

## III.    PARTIES

### A.    Lead Plaintiff

45.     To the extent that Paragraph 45 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 45 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations.

46.     To the extent that Paragraph 46 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 46 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations.

47.     To the extent that Paragraph 47 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 47 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 47.

### B.    Defendants

#### 1.    Corporate Defendant

48.     Defendants admit that ELC is incorporated in Delaware and its principal executive offices are located at 767 Fifth Avenue, New York, New York.  Defendants further admit that ELC's common stock is traded on the NYSE under the ticker symbol "EL."

49.    Defendants admit that ELC: was founded in 1946 by Estée and Joseph Lauder; is now one of the world's leading prestige beauty companies; and manufactures, markets, and sells high-quality skincare, makeup, fragrance, and hair care products worldwide.  Defendants further admit that ELC sells its products in approximately 150 countries under numerous well-known luxury brand names, including Estée Lauder, Clinique, Origins, M·A·C, Bobbi Brown, La Mer, Aveda, Jo Malone London, Too Faced, Dr.Jart+, and The Ordinary.  To the extent the allegations in Paragraph 49 purport to quote or characterize ELC's statements on its website, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website, which speaks for itself.  Defendants respectfully refer the Court to the full website for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 49.

50.    To the extent that Paragraph 50 asserts legal conclusions, including with respect to the "Class Period," no response is required.  Defendants otherwise admit the allegations in Paragraph 50.

### 2.    Individual Defendants

51.    To the extent that Paragraph 51 asserts legal conclusions, no response is required. To the extent that Paragraph 51 contains factual allegations requiring a response, Defendants deny those allegations, except that they admit that: Mr. Freda served as ELC's President and Chief Operating Officer from March 2008 through June 2009, served as ELC's President and Chief Executive Officer from July 2009 through December 2024, and was President and Chief Executive Officer during times relevant to the Complaint; and that as part of his role as Chief Executive Officer, he participated in some earnings calls and conferences with securities analysts.  To the extent the allegations in Paragraph 51 purport to quote or characterize ELC's statements on its website or statements made by Mr. Freda during earnings calls and conferences with securities analysts, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website or the statements, which speak for themselves.  Defendants respectfully refer the

Court to ELC's full website and Mr. Freda's full statements for a complete and accurate account of those statements.

52.    To the extent that Paragraph 52 asserts legal conclusions, no response is required. To the extent that Paragraph 52 contains factual allegations requiring a response, Defendants deny those allegations, except that they admit that Ms. Travis served as ELC's Executive Vice President and Chief Financial Officer from August 2012 through October 2024, and as part of that role she participated in some earnings calls and conferences with securities analysts.  To the extent the allegations in Paragraph 52 purport to quote or characterize ELC's statements on its website or statements made by Ms. Travis during earnings calls and conferences with securities analysts, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website or the statements, which speak for themselves.  Defendants respectfully refer the Court to ELC's full website and Ms. Travis's full statements for a complete and accurate account of their statements.

53.    To the extent that Paragraph 53 asserts legal conclusions, no response is required. To the extent that Paragraph 53 contains factual allegations requiring a response, Defendants deny those allegations.

### 3.    Relevant Third Parties

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 regarding an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 54.

55.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 regarding an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 55.

56.    To the extent that Paragraph 56 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 56 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations regarding an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 56.

## IV.    SUBSTANTIVE ALLEGATIONS

### A.    Lauder's Prestige Beauty Brand

57.    Defendants admit that ELC: was founded in 1946; is one of the world's leading prestige beauty companies; and manufactures, markets, and sells high-quality skincare, makeup, fragrance, and hair care products worldwide. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis deny those allegations. Defendants otherwise deny the allegations in Paragraph 57.

58.    Defendants admit that: Leonard Lauder served as Chief Executive Officer of ELC from 1982 through 1999; William Lauder served as Chief Executive Officer of ELC from 2004 through June 2009; and Mr. Freda served as ELC's President and Chief Operating Officer from March 2008 through June 2009, and served as ELC's President and Chief Executive Officer from July 2009 through December 2024. To the extent the allegations in Paragraph 58 and Footnote 10 purport to quote or characterize ELC's statements on its website, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website or the statements, which speak for themselves. Defendants respectfully refer the Court to the full website for a complete and accurate account of those statements. Defendants otherwise deny the allegations in Paragraph 58 and Footnote 10.

59.    Defendants admit that: William Lauder served as Chair of the Board of Directors from 2009 until November 2024 and served as Executive Chairman; and that ELC issued a proxy statement on September 29, 2022. To the extent the allegations in Paragraph 59 purport to quote or characterize ELC's statements in the September 29, 2022 proxy statement, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statement, which speaks for itself. Defendants respectfully refer the Court to the proxy statement for a complete and accurate account of those statements. Defendants otherwise deny the allegations in Paragraph 59.

60.    Defendants admit that ELC sells its products in approximately 150 countries under numerous well-known luxury brand names, including Estée Lauder, Aramis, Clinique, Lab Series, Origins, M·A·C, Bobbi Brown, La Mer, Aveda, Jo Malone, Bumble & Bumble, Tom Ford Beauty, Kilian Paris, Dr.Jart+, and Le Labo.  To the extent the allegations in Paragraph 60 purport to quote or characterize ELC's statements on its website, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website or the statements, which speak for themselves.  Defendants respectfully refer the Court to the full website for a complete and accurate account of those statements.  Defendants otherwise deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61, except that they admit that: ELC sells a moisturizer called Crème de la Mer on La Mer's United States website; and ELC sells a product named Advanced Night Repair Serum Synchronized Multi-Recovery Complex on Estée Lauder's United States website.  To the extent the allegations in Paragraph 61 purport to quote or characterize ELC's statements on its website, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website or the statements, which speak for themselves. Defendants respectfully refer the Court to the full website for a complete and accurate account of those statements.

62.    To the extent the allegations in Paragraph 62 purport to quote or characterize ELC's statements on its website or in its SEC filings, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the website or the filings, which speak for themselves. Defendants respectfully refer the Court to the website and filings for a complete and accurate account of those statements.  Defendants otherwise deny the allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63, except that they admit that ELC's products are sold in department stores, specialty-multi retailers, upscale perfumeries, salons, spas, ELC'S own freestanding stores, retailer websites, third-party online malls, stores in airports, and duty-free locations.

**B.    Lauder's Travel Retail Business Segment**

64.    To the extent the allegations in Paragraph 64 reference any applicable "import and sales taxes," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations.    To the extent the allegations in Paragraph 64 purport to quote or characterize ELC's statements on its website, Defendants deny that the quotes or characterizations fully or accurately reflect the content of ELC's website, which speak for themselves.    Defendants respectfully refer the Court to ELC's website for a complete and accurate account of those statements.    Defendants otherwise deny the allegations in Paragraph 64.

65.    To the extent that Paragraph 65 asserts legal conclusions, including with respect to the "Class Period," no response is required.    To the extent the allegations in Paragraph 65 purport to quote or characterize ELC's financial results for 2009, 2018, and 2021, Defendants deny that the quotes or characterizations fully or accurately reflect the content of ELC's financial results, which speak for themselves.    Defendants respectfully refer the Court to ELC's annual reports for the fiscal years 2009, 2018, and 2021 for a complete and accurate account of ELC's financial results.    Defendants deny the remaining allegations in Paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief as to the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from reports by analysts at Morgan Stanley and Credit Suisse.    To the extent the allegations in Paragraph 66 purport to quote or characterize the reports from analysts at Morgan Stanley and Credit Suisse, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the reports, which speak for themselves.    Defendants respectfully refer the Court to the reports themselves for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 66.

67.    To the extent that Paragraph 67 and Footnotes 11 and 12 asserts legal conclusions, no response is required.    To the extent that Paragraph 67 and Footnotes 11 and 12 contain factual allegations requiring a response, Defendants deny those allegations, except that they admit that:

21

ELC issued annual reports for fiscal years 2021, 2022, and 2023; Olivier Bottrie served as Estée Lauder's Global President, Travel Retail and Retail Development; and Israel Assa served as Estée Lauder's Global President, Travel Retail Worldwide. To the extent the allegations in Paragraph 67 and Footnotes 11 and 12 purport to quote or characterize the annual reports for fiscal years 2021, 2022, and 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the reports, which speak for themselves. Defendants respectfully refer the Court to the reports themselves for a complete and accurate account of their statements.

### C.    Lauder's Focus on Chinese Consumers via Travel Retail

68.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. To the extent the allegations in Paragraph 68 purport to quote or characterize the report by an analyst at Wells Fargo, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the report, which speaks for itself. Defendants respectfully refer the Court to the report itself for a complete and accurate account of the statements. Defendants otherwise deny the allegations in Paragraph 68.

69.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. To the extent the allegations in Paragraph 69 purport to characterize ELC's financial reports for the years 2019, 2020, and 2021, Defendants deny that the characterizations fully or accurately reflect the content of the reports, which speak for themselves. Defendants respectfully refer the Court to the reports themselves for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 69.

### D.    Hainan: China's Domestic Duty-Free Island

70.    Defendants deny the allegations in Paragraph 70 to the extent they purport to characterize or draw conclusions regarding Hainan. To the extent Paragraph 70 contains factual allegations requiring a response, Defendants admit that Hainan has duty-free shopping and Hainan

is twelve miles off of the coast of mainland China.  Defendants otherwise deny the allegations in Paragraph 70.

71.      Paragraph 71 and Footnote 13 contain conclusions of law to which no response is required.  To the extent that Paragraph 71 and Footnote 13 contain factual allegations requiring a response, Defendants deny the allegations in Paragraph 71 and Footnote 13 to the extent they purport to characterize or draw conclusions from the regulations promulgated by the Chinese government, which speak for themselves.  Defendants respectfully refer the Court to those publicly available regulations for a complete and accurate statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to the mental states or subjective beliefs of third parties, and on that basis deny the remaining allegations in Paragraph 71 and Footnote 13.

72.      Paragraph 72 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72, except that they admit that Mr. Freda spoke on ELC's February 5, 2021 earnings call for the second quarter of fiscal year 2021.  To the extent the allegations in Paragraph 72 purport to quote or characterize Mr. Freda's statements on the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of the statements.  Defendants further deny the allegations to the extent they purport to characterize or draw conclusions from the regulations promulgated by the Chinese government, which speak for themselves.  Defendants respectfully refer the Court to those publicly available regulations for a complete and accurate statement of their contents.

E.      **Asia Travel Retail's Basement Exchange: China's *Daigou* Gray Market**

73.      To the extent the allegations contained in Paragraph 73 constitute a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants lack knowledge or information sufficient to form a belief as to the mental states or subjective beliefs of third parties,

23

and on that basis deny those allegations.  Defendants otherwise deny the allegations in Paragraph 73.

74.    To the extent the allegations contained in Paragraph 74 constitute a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 74.

75.    To the extent the allegations contained in Paragraph 75 constitute a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 75.

76.    To the extent the allegations contained in Paragraph 76 constitute a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 76.

77.    To the extent that Paragraph 77 asserts legal conclusions, no response is required. To the extent that Paragraph 77 contains factual allegations requiring a response, Defendants deny the allegations to the extent they purport to characterize or draw conclusions from the regulations promulgated by the Chinese government, which speak for themselves.  Defendants respectfully refer the Court to those publicly available regulations for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations in Paragraph 77.

### F.    Lauder Publicly Denied Its Use of *Daigou* to Boost Sales

78.    To the extent the allegations contained in Paragraph 78 constitute a definition and characterization of "*daigou*," the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent

relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 78.

79.    Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or statements of third parties, and on that basis deny the allegations in Paragraph 79.  Defendants otherwise deny the allegations in Paragraph 79.

80.    To the extent that Paragraph 80 and Footnote 14 assert legal conclusions, no response is required.  To the extent that Paragraph 80 and Footnote 14 contain factual allegations requiring a response, Defendants deny the allegations, except that they admit that: Mr. Freda spoke on ELC's February 5, 2019 earnings call for the second quarter of fiscal year 2019; and Mr. Lauder spoke on ELC's May 3, 2007 earnings call for the third quarter of fiscal year 2007.  To the extent the allegations in Paragraph 80 and Footnote 14 purport to quote or characterize Mr. Freda's and Mr. Lauder's statements on the earnings calls, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcripts themselves for a complete and accurate account of the statements.  To the extent the allegations in Paragraph 80 and Footnote 14 reference "governmental regulations relating to the *daigou* gray market," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations.  Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.

### G.    Despite its Known Risks, Lauder Flooded *Daigou* with Product to Grow Sales and Became Over-Dependent

81.    To the extent that Paragraph 81 asserts legal conclusions, no response is required.  To the extent that Paragraph 81 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke on ELC's February 5, 2019 earnings call for the second quarter of fiscal year 2019.  To the extent the allegations in Paragraph 81 purport to quote or characterize Mr. Freda's statements on the earnings call, Defendants deny that the

quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of the statements.

82. To the extent that Paragraph 82 asserts legal conclusions, no response is required. To the extent that Paragraph 82 contains factual allegations requiring a response, Defendants deny the allegations to the extent they purport to characterize or draw conclusions from the regulations promulgated by the Chinese government, which speak for themselves. Defendants respectfully refer the Court to those publicly available regulations for a complete and accurate statement of their contents. Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants otherwise deny the allegations in Paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 84.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 attributed to an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 87.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 93.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 94.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 attributed to an unidentified former employee and, on that basis,

deny them.  Defendants otherwise deny the allegations in Paragraph 96, except that Defendants admit that Israel Assa was Global President, Travel Retail.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 97 except that Defendants admit that Israel Assa was President, Commercial Estée Lauder Travel Retail Worldwide.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 98.

**H.    CDFG Pledge and Government Crackdowns in Hainan Stopped Lauder's Ability to Drive Revenue Through *Daigou***

99.    Defendants lack knowledge or information sufficient to form a belief as to the mental states, subjective beliefs, or statements of third parties, and on that basis deny the allegations in Paragraph 99.  To the extent the allegations in Paragraph 99 purport to characterize ELC's financial reports, Defendants deny that the characterizations fully or accurately reflect the content of the reports, which speak for themselves.  Defendants respectfully refer the Court to the reports themselves for a complete and accurate account of their statements.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants otherwise deny the allegations set forth in Paragraph 100.  To the extent the allegations in Paragraph 100 purport to characterize or draw conclusions from a public statement by CDFG, Defendants further deny that the quotes or characterizations fully or accurately reflect the content of the statement, which speaks for itself. Defendants respectfully refer the Court to CDFG's statement for a complete and accurate account of its statements.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 regarding the mental states or subjective beliefs of third parties,

28

and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 101 to the extent they purport to characterize or draw conclusions from a report by analysts at Jefferies, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants deny the allegations set forth in Paragraph 102 to the extent they purport to characterize or draw conclusions from a "statement" by the Office of Free Trade Port Working Committee of the Hainan Provincial Committee, which speaks for itself. Defendants respectfully refer the Court to the statement for a complete and accurate account of its statements. To the extent the allegations in Paragraph 102 reference "impending regulations" or "new regulations" in Hainan, the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants otherwise deny the allegations in Paragraph 102.

103. To the extent that Paragraph 103 asserts legal conclusions, no response is required. To the extent the allegations in Paragraph 103 reference "efforts to 'crackdown' on *daigou* activities in Hainan," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter. Defendants otherwise deny the allegations in Paragraph 103.

**I.      Lauder Misled Investors that Its Asia Travel Retail Business Was Prospering, Despite Knowing Its Pipeline to Gray Market Sales Shut**

104. To the extent that Paragraph 104 asserts legal conclusions, no response is required. To the extent the allegations in Paragraph 104 reference "Hainan *daigou* crackdowns," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations and the

allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.  Defendants otherwise deny the allegations in Paragraph 104.

105.     Paragraph 105 includes allegations that were deemed nonactionable in the March 31, 2025 Order, and thus, no response to those allegations is required.  Paragraph 105 also asserts legal conclusions, to which no response is required.  To the extent that Paragraph 105 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on February 3, 2022, announcing its financial results for the second quarter of fiscal year 2022.  To the extent the allegations in Paragraph 105 purport to quote or characterize ELC's press release announcing its financial results for the second quarter of fiscal year 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself.  Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.  To the extent the allegations in Paragraph 105 reference the "January 1, 2022 enactment of China's regulatory crackdown on *daigou*," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations.  Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.

106.     To the extent that Paragraph 106 asserts legal conclusions, no response is required. To the extent that Paragraph 106 contains factual allegations requiring a response, Defendants deny the allegations in Paragraph 106, except they admit that Mr. Freda spoke on ELC's February 3, 2022 earnings call for the second quarter of fiscal year 2022.  To the extent the allegations purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 106.

107.    To the extent that Paragraph 107 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 107 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC held an earnings call on May 3, 2022 for the third quarter of fiscal year 2022.  To the extent the allegations in Paragraph 107 purport to quote or characterize the transcript of ELC's May 3, 2022 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

108.    To the extent that Paragraph 108 asserts legal conclusions, no response is required. To the extent that Paragraph 108 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke at the June 2, 2022 Bernstein Strategic Decisions Conference, and Mr. Freda spoke on ELC's August 18, 2022 earnings call for the fourth quarter of fiscal year 2022 and fiscal year 2022.  To the extent the allegations in Paragraph 108 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.  Defendants respectfully refer the Court to the transcripts of the earnings call and Bernstein Strategic Decisions Conference for a complete and accurate account of their statements. To the extent the allegations in Paragraph 108 reference "*daigou* regulatory crackdowns," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations.  Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.

109.    To the extent that Paragraph 109 asserts legal conclusions, no response is required. To the extent that Paragraph 109 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 109 to the extent they purport to characterize

or draw conclusions from a statement by analysts at Bernstein, which speaks for itself.  Defendants respectfully refer the Court to the statement by analysts at Bernstein for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 109.

**J.      The Truth Emerges and Lauder's Stock Declines as It Incrementally Reports Poor Financials and Offers False and Misleading Reassurances to Investors**

110.    To the extent that Paragraph 110 asserts legal conclusions, no response is required. To the extent that Paragraph 110 contains factual allegations requiring a response, Defendants deny the allegations.

111.    To the extent that Paragraph 111 asserts legal conclusions, no response is required. To the extent that Paragraph 111 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on November 2, 2022 announcing its financial results for its first quarter for fiscal year 2023, and they admit that the share price of ELC stock closed at $189.96 on November 2, 2022.  To the extent the allegations in Paragraph 111 purport to quote or characterize ELC's press release announcing its financial results for the first quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself.  Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

112.    To the extent that Paragraph 112 asserts legal conclusions, no response is required. To the extent that Paragraph 112 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 112 to the extent they purport to characterize or draw conclusions from a report by Evercore ISI, which speaks for itself.  Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 112.

113. To the extent that Paragraph 113 asserts legal conclusions, no response is required. To the extent that Paragraph 113 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on November 2, 2022 announcing its financial results for its first quarter for fiscal year 2023, and that ELC held an earnings call on November 2, 2022. To the extent the allegations in Paragraph 113 purport to quote or characterize ELC's press release announcing its financial results for the first quarter of fiscal year 2023 or ELC's November 2, 2022 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of these documents, which speak for themselves. Defendants respectfully refer the Court to the documents for a complete and accurate account of their statements. To the extent the allegations in Paragraph 113 reference "China's 2022 regulatory crackdowns," the reference to unspecified regulatory activity is vague and Defendants on that basis deny those allegations. Further, the word "*daigou*" is vague and subject to multiple interpretations and the allegations oversimplify or mischaracterize various aspects of *daigou* that, to the extent relevant, will be the subject of expert testimony in this matter.

114. To the extent that Paragraph 114 asserts legal conclusions, no response is required. To the extent that Paragraph 114 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on February 2, 2023, announcing its financial results for the second quarter of fiscal year 2023, and they admit that the share price of ELC stock closed at $268.41 on February 2, 2023. To the extent the allegations in Paragraph 114 purport to quote or characterize ELC's press release announcing its financial results for the second quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself. Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

115. To the extent that Paragraph 115 asserts legal conclusions, no response is required. To the extent that Paragraph 115 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC held an earnings call on February 2, 2023

for the second quarter of fiscal year 2023. To the extent the allegations in Paragraph 115 purport to quote or characterize ELC's February 2, 2023 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

116. To the extent that Paragraph 116 asserts legal conclusions, no response is required. To the extent that Paragraph 116 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 116 to the extent they purport to characterize or draw conclusions from a report by Barclays Research, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117, except that they admit that ELC published a press release on May 3, 2023, announcing its financial results for the third quarter of fiscal year 2023, and they further admit that the share price of ELC stock closed at $202.70 on May 3, 2023. To the extent the allegations in Paragraph 117 purport to quote or characterize ELC's press release announcing its financial results for the third quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself. Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

118. To the extent that Paragraph 118 asserts legal conclusions, no response is required. To the extent that Paragraph 118 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke on ELC's May 3, 2023 earnings call for the third quarter of fiscal year 2023. To the extent the allegations in Paragraph 118 purport to quote or characterize Mr. Freda's statements on the May 3, 2023 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of his statements, which

speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

119. To the extent that Paragraph 119 asserts legal conclusions, no response is required. To the extent that Paragraph 119 contains factual allegations requiring a response, Defendants deny the allegations.

120. To the extent that Paragraph 120 asserts legal conclusions, no response is required. To the extent that Paragraph 120 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 120 to the extent they purport to characterize or draw conclusions from a statement by analysts at Deutsche Bank, the content of which speaks for itself. Defendants respectfully refer the Court to the full statement from analysts at Deutsche Bank for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 120.

121. To the extent that Paragraph 121 asserts legal conclusions, no response is required. To the extent that Paragraph 121 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 121 to the extent they purport to characterize or draw conclusions from reports by Piper Sandler Research and Jefferies Research, which speak for themselves. Defendants respectfully refer the Court to the full articles for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 121.

**K.    Lauder Admitted that *Daigou* Was the Primary Driver of Lauder's Net Sales Decline in Travel Retail**

122. To the extent that Paragraph 122 asserts legal conclusions, no response is required. To the extent that Paragraph 122 contains factual allegations requiring a response, Defendants deny the allegations in Paragraph 122, except that they admit that ELC published a press release

on August 18, 2023, announcing its financial results for the fourth quarter of fiscal year 2023 and fiscal year 2023; that Mr. Freda spoke on ELC's August 18, 2023 earnings call for the fourth quarter of fiscal year 2023 and fiscal year 2023; and that the share price of ELC stock closed at $156.69 on August 18, 2023.  To the extent the allegations in Paragraph 122 purport to quote or characterize ELC's press release announcing its financial results for the fourth quarter of fiscal year 2023, or the transcript of Mr. Freda's statements on the August 18, 2023 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of these documents, which speak for themselves.  Defendants respectfully refer the Court to the press release and earnings call transcript for the complete and accurate statement of their contents.

123.    To the extent that Paragraph 123 asserts legal conclusions, no response is required. To the extent that Paragraph 123 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC held an earnings call for the fourth quarter of fiscal year 2023 and fiscal year 2023 on August 18, 2023.  To the extent the allegations in Paragraph 123 purport to quote or characterize ELC's August 18, 2023 earnings call for the fourth quarter of fiscal year 2023 and fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

124.    To the extent that Paragraph 124 asserts legal conclusions, no response is required. To the extent that Paragraph 124 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 124 to the extent they purport to characterize or draw conclusions from a report by Piper Sandler Research, which speaks for itself.  Defendants respectfully refer the Court to the full report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 124.

125. To the extent that Paragraph 125 asserts legal conclusions, no response is required. To the extent that Paragraph 125 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on November 1, 2023, ELC filed a quarterly report for the first quarter of fiscal year 2024, and they admit that the share price of ELC stock closed at $104.51 on November 1, 2023. To the extent the allegations in Paragraph 125 purport to quote or characterize ELC's quarterly disclosure for the first quarter of fiscal year 2024, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the quarterly report, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate account of its statements.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 regarding the mental states or subjective beliefs of third parties, and on that basis they deny those allegations. Defendants further deny the allegations in Paragraph 126 to the extent they purport to characterize or draw conclusions from an article published in the Daily Telegraph or a report by Barclays Research, which speak for themselves. Defendants respectfully refer the Court to the article and report for the complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 126.

## L. Post-Class Period Events

127. Defendants deny the allegations in Paragraph 127, except that they admit that in February 2024, ELC announced a restructuring program that would result in an expected net reduction of 3-5% of positions in the Company; that ELC employed about 62,000 people as of June 2023; and that Ms. Travis spoke on ELC's February 5, 2024 earnings call for the second quarter of fiscal year 2024. To the extent the allegations in Paragraph 127 purport to quote or characterize Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

## V.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD

128.    To the extent that Paragraph 128 and Footnote 15 assert legal conclusions, no response is required.  To the extent that Paragraph 128 and Footnote 15 contain factual allegations requiring a response, Defendants deny the allegations.

129.    To the extent that Paragraph 129 asserts legal conclusions, no response is required. To the extent that Paragraph 129 contains factual allegations requiring a response, Defendants deny the allegations.

### A.    February 3, 2022 – Second Quarter 2022 Financial Results

130.    To the extent that Paragraph 130 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 130 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on February 3, 2022, ELC filed a quarterly report for the second quarter of fiscal year 2022.  To the extent the allegations in Paragraph 130 purport to quote or characterize ELC's quarterly report for the second quarter of fiscal year 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the quarterly report, which speaks for itself.  Defendants respectfully refer the Court to the quarterly report for a complete and accurate account of its statements.

131.    To the extent that Paragraph 131 asserts legal conclusions, no response is required. To the extent that Paragraph 131 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on February 3, 2022, ELC filed a quarterly report for the second quarter of fiscal year 2022.  To the extent the allegations in Paragraph 131 purport to quote or characterize ELC's quarterly report for the second quarter of fiscal year 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the quarterly report, which speaks for itself.  Defendants respectfully refer the Court to that document for a complete and accurate account of its statements.

132.    To the extent that Paragraph 132 asserts legal conclusions, no response is required. To the extent that Paragraph 132 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on February 3, 2022, ELC filed a quarterly report for the second quarter of fiscal year 2022. To the extent the allegations in Paragraph 132 purport to quote or characterize ELC's quarterly report for the second quarter of fiscal year 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the quarterly report, which speaks for itself. Defendants respectfully refer the Court to that document for a complete and accurate account of its statements.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 133.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 attributed to an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 134.

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 attributed to an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 135.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 attributed to an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 136.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 attributed to an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 137.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 attributed to an unidentified former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 140.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 141, except that Defendants admit that Israel Assa was Global President, Travel Retail.

142.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 142, except that Defendants admit that Israel Assa was President, Commercial Estée Lauder Travel Retail Worldwide.

**B.    February 3, 2022 – Second Quarter 2022 Earnings Press Release**

143.    Paragraph 143 includes allegations that were deemed nonactionable in the March 31, 2025 Order, and thus, no response to those allegations is required.  Defendants otherwise deny the allegations in Paragraph 143, except that they admit that on February 3, 2022, ELC filed a periodic report on Form 8-K, attaching a press release that announced ELC's financial results for the second quarter of fiscal year 2022.  To the extent the allegations in Paragraph 143 purport to quote or characterize ELC's periodic report and press release filed on February 3, 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those documents, which speak for themselves.  Defendants respectfully refer the Court to those documents for a complete and accurate account of their statements.

144.    Paragraph 144 includes allegations that were deemed nonactionable in the March 31, 2025 Order, and thus, no response to those allegations is required.  Paragraph 144 also asserts

legal conclusions, to which no response is required.  To the extent that Paragraph 144 contains factual allegations requiring a response, Defendants deny the allegations.

### C.  May 3, 2022 – Third Quarter 2022 Earnings Call

145.  Defendants deny the allegations in Paragraph 145, except that they admit that Mr. Freda spoke on ELC's May 3, 2022 earnings call for the third quarter of fiscal year 2022.  To the extent the allegations in Paragraph 145 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

146.  To the extent that Paragraph 146 asserts legal conclusions, no response is required. To the extent that Paragraph 146 contains factual allegations requiring a response, Defendants deny the allegations.

147.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 147.

148.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 148.

149.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 149.

150.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 150.

151.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 151.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 152.

153.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 153.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 154.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 attributed to unidentified former employees and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 155.

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 156.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 157, except that Defendants admit that Israel Assa was Global President, Travel Retail Worldwide.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 attributed to an unidentified former employee and, on that basis, deny them.  Defendants otherwise deny the allegations in Paragraph 158, except that Defendants admit that Israel Assa was President, Commercial Estée Lauder Travel Retail Worldwide.

D.      **June 2, 2022 – Bernstein Strategic Decisions Conference**

159.    Defendants deny the allegations in Paragraph 159, except that they admit that Mr. Freda spoke at the on June 2, 2022 Bernstein Strategic Decisions Conference.  To the extent the

42

allegations in Paragraph 159 purport to quote or characterize Mr. Freda's statements at the Bernstein Strategic Decisions Conference, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the transcript for a complete and accurate account of its statements.

160. To the extent that Paragraph 160 asserts legal conclusions, no response is required. To the extent that Paragraph 160 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke at the June 2, 2022 Bernstein Strategic Decisions Conference. To the extent the allegations in Paragraph 160 purport to quote or characterize Mr. Freda's statements at the Bernstein Strategic Decisions Conference, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the transcript for a complete and accurate account of its statements.

161. To the extent that Paragraph 161 asserts legal conclusions, no response is required. To the extent that Paragraph 161 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke at the June 2, 2022 Bernstein Strategic Decisions Conference. To the extent the allegations in Paragraph 161 purport to quote or characterize Mr. Freda's statements at the Bernstein Strategic Decisions Conference, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the transcript for a complete and accurate account of its statements.

**E.    August 18, 2022 – Fourth Quarter 2022 Earnings Call**

162. Defendants deny the allegations in Paragraph 162, except that they admit that Mr. Freda spoke on ELC's August 18, 2022 earnings call for the fourth quarter of fiscal year 2022 and fiscal year 2022. To the extent the allegations in Paragraph 162 purport to quote or characterize Mr. Freda's statements on the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants

43

respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

163. To the extent that Paragraph 163 asserts legal conclusions, no response is required. To the extent that Paragraph 163 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke on ELC's August 18, 2022 earnings call for the fourth quarter of fiscal year 2022 and fiscal year 2022. To the extent the allegations in Paragraph 163 purport to quote or characterize Mr. Freda's statements on the earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

### F.  November 2, 2022 – First Quarter 2023 Earnings Press Release & First Partial Corrective Disclosure/Materialization of the Risk

164. Defendants deny the allegations in Paragraph 164, except that they admit that on November 2, 2022, ELC filed a periodic report on Form 8-K, attaching a press release that announced ELC's financial results for the first quarter of fiscal year 2023. To the extent the allegations in Paragraph 164 purport to quote or characterize ELC's periodic report filed on November 2, 2022, or the press release attached thereto, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those documents, which speak for themselves. Defendants respectfully refer the Court to those documents for a complete and accurate account of their statements.

165. To the extent that Paragraph 165 asserts legal conclusions, no response is required. To the extent that Paragraph 165 contains factual allegations requiring a response, Defendants deny the allegations.

### G.  February 2, 2023 – Second Quarter 2023 Earnings Call & Second Partial Corrective Disclosure/Materialization of the Risk

166. Defendants deny the allegations in Paragraph 166, except that they admit that Ms. Travis spoke on ELC's on February 2, 2023 earnings call for the second quarter of fiscal year

2023. To the extent the allegations in Paragraph 166 purport to quote or characterize Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

167. To the extent that Paragraph 167 asserts legal conclusions, no response is required. To the extent that Paragraph 167 contains factual allegations requiring a response, Defendants deny the allegations.

## H. May 3, 2023 – Third Quarter 2023 Earnings Call & Third Partial Corrective Disclosure/Materialization of the Risk

168. To the extent that Paragraph 168 asserts legal conclusions, no response is required. To the extent that Paragraph 168 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on May 3, 2023, ELC held an earnings call for the third quarter of fiscal year 2023. To the extent the allegations in Paragraph 168 purport to quote or characterize ELC's May 3, 2023 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

169. To the extent that Paragraph 169 asserts legal conclusions, no response is required. To the extent that Paragraph 169 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda and Ms. Travis spoke on ELC's May 3, 2023 earnings call for the third quarter of fiscal year 2023. To the extent the allegations in Paragraph 169 purport to quote or characterize Mr. Freda's and Ms. Travis's statements on that call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

170. To the extent that Paragraph 170 asserts legal conclusions, no response is required. To the extent that Paragraph 170 contains factual allegations requiring a response, Defendants

45

deny the allegations, except that they admit that ELC published a press release on May 3, 2023, announcing its financial results for the third quarter of fiscal year 2023 and that Ms. Travis spoke on ELC's May 3, 2023 earnings call for the third quarter of fiscal year 2023. To the extent the allegations in Paragraph 170 purport to quote or characterize ELC's press release announcing its financial results for the third quarter of fiscal year 2023 or Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release or transcript, which speak for themselves. Defendants respectfully refer the Court to the press release and the earnings call transcript for a complete and accurate account of their statements.

> **I.    August 18, 2023 – Fourth Quarter 2023 Earnings Call & Fourth Partial Corrective Disclosure/Materialization of the Risk**

171.    To the extent that Paragraph 171 asserts legal conclusions, no response is required. To the extent that Paragraph 171 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Ms. Travis spoke on ELC's August 18, 2023 earnings call for the fourth quarter of fiscal year 2023. To the extent the allegations in Paragraph 171 purport to quote or characterize Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

172.    To the extent that Paragraph 172 asserts legal conclusions, no response is required. To the extent that Paragraph 172 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on August 18, 2023, ELC held an earnings call for the fourth quarter of fiscal year 2023 and fiscal year 2023. To the extent the allegations in Paragraph 172 purport to quote or characterize ELC's August 18, 2023 earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

46

## VI.    LOSS CAUSATION/ECONOMIC LOSS

173.    To the extent that Paragraph 173 asserts legal conclusions, including with respect to the "Class Period," no response is required.  To the extent that Paragraph 173 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that the share price of ELC stock was $319.68 when the market opened on February 9, 2022, and closed at $320.04 on February 9, 2022.

174.    To the extent that Paragraph 174 asserts legal conclusions, no response is required. To the extent that Paragraph 174 contains factual allegations requiring a response, Defendants deny the allegations.

175.    To the extent that Paragraph 175 asserts legal conclusions, no response is required. To the extent that Paragraph 175 contains factual allegations requiring a response, Defendants deny the allegations.

176.    To the extent that Paragraph 176 asserts legal conclusions, no response is required. To the extent that Paragraph 176 contains factual allegations requiring a response, Defendants deny the allegations.

177.    To the extent that Paragraph 177 asserts legal conclusions, no response is required. To the extent that Paragraph 177 contains factual allegations requiring a response, Defendants deny the allegations.

178.    To the extent that Paragraph 178 asserts legal conclusions, no response is required. To the extent that Paragraph 178 contains factual allegations requiring a response, Defendants deny the allegations.

179.    To the extent that Paragraph 179 asserts legal conclusions, no response is required. To the extent that Paragraph 179 contains factual allegations requiring a response, Defendants deny the allegations.

180.    To the extent that Paragraph 180 asserts legal conclusions, no response is required. To the extent that Paragraph 180 contains factual allegations requiring a response, Defendants deny the allegations.

A.    **November 2, 2022 – First Partial Corrective Disclosure/Materialization of the Risk**

181.    To the extent that Paragraph 181 asserts legal conclusions, no response is required. To the extent Paragraph 181 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on November 2, 2022, announcing its financial results for the first quarter of fiscal year 2023.  To the extent the allegations in Paragraph 181 purport to quote or characterize ELC's press release announcing its financial results for the first quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself. Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

182.    To the extent that Paragraph 182 asserts legal conclusions, no response is required. To the extent that Paragraph 182 contains factual allegations requiring a response, Defendants deny the allegations.

183.    To the extent that Paragraph 183 asserts legal conclusions, no response is required. To the extent that Paragraph 183 contains factual allegations requiring a response, Defendants deny the allegations.

184.    To the extent that Paragraph 184 asserts legal conclusions, no response is required. To the extent that Paragraph 184 contains factual allegations requiring a response, Defendants deny the allegations.

185.    To the extent that Paragraph 185 asserts legal conclusions, no response is required. To the extent that Paragraph 185 contains factual allegations requiring a response, Defendants deny the allegations in Paragraph 185, except that they admit that the share price of ELC stock closed at $189.96 on November 2, 2022.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 186

48

to the extent they purport to characterize or draw conclusions from reports published by Credit Suisse, Raymond James, and UBS Research, which speak for themselves. Defendants respectfully refer the Court to these reports for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 186.

187. To the extent that Paragraph 187 asserts legal conclusions, no response is required. To the extent that Paragraph 187 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 187 to the extent they purport to characterize or draw conclusions from an article published by CNBC and a report by Morgan Stanley, which speak for themselves. Defendants respectfully refer the Court to these documents for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 187.

188. To the extent that Paragraph 188 asserts legal conclusions, no response is required. To the extent that Paragraph 188 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 188 to the extent they purport to characterize or draw conclusions from a report by Evercore ISI, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 188.

189. To the extent that Paragraph 189 asserts legal conclusions, no response is required. To the extent that Paragraph 189 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke on ELC's November 2, 2022 earnings call for the first quarter of fiscal year 2023. To the extent the allegations in Paragraph 189 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for

themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

190.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 190 to the extent they purport to characterize or draw conclusions from reports published by Morgan Stanley and Barclays Research, which speak for themselves.  Defendants respectfully refer the Court to the reports for a complete and accurate account of their statements.  Defendants otherwise deny the allegations in Paragraph 190.

191.     To the extent that Paragraph 191 asserts legal conclusions, no response is required. To the extent that Paragraph 191 contains factual allegations requiring a response, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 191 to the extent they purport to characterize or draw conclusions from reports by Telsey Advisory Group (TAG), Piper Sandler, and J.P. Morgan, which speak for themselves.  Defendants respectfully refer the Court to the reports for a complete and accurate account of their statements.  Defendants otherwise deny the statements in Paragraph 191.

**B.     February 2, 2023 – Second Partial Corrective Disclosure/Materialization of the Risk**

192.     To the extent that Paragraph 192 asserts legal conclusions, no response is required. To the extent that Paragraph 192 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on February 2, 2023, announcing its financial results for the second quarter of fiscal year 2023.  To the extent the allegations in Paragraph 192 purport to quote or characterize ELC's press release announcing its financial results for the second quarter of fiscal year 2023, Defendants deny that the quotes or characterizations accurately reflect the content of the press release, which speaks for itself.

50

Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

193.    To the extent that Paragraph 193 asserts legal conclusions, no response is required. To the extent that Paragraph 193 contains factual allegations requiring a response, Defendants deny the allegations.

194.    To the extent that Paragraph 194 asserts legal conclusions, no response is required. To the extent that Paragraph 194 contains factual allegations requiring a response, Defendants deny the allegations.

195.    To the extent that Paragraph 195 asserts legal conclusions, no response is required. To the extent that Paragraph 195 contains factual allegations requiring a response, Defendants deny the allegations.

196.    To the extent that Paragraph 196 asserts legal conclusions, no response is required. To the extent that Paragraph 196 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that the share price of ELC stock price closed at $268.41 on February 2, 2023.

197.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 197 to the extent they purport to characterize or draw conclusions from reports by Bernstein Research and Telsey Advisory Group (TAG), which speak for themselves.  Defendants respectfully refer the Court to the reports for a complete and accurate account of their statements.  Defendants otherwise deny the allegations in Paragraph 197.

198.    To the extent that Paragraph 198 asserts legal conclusions, no response is required. To the extent that Paragraph 198 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Ms. Travis spoke on ELC's February 2, 2023 earnings call for the second quarter of fiscal year 2023.  To the extent the allegations in Paragraph 198 purport to quote or characterize Ms. Travis's statements, Defendants deny that the quotes or

characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

199. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 199 to the extent they purport to characterize or draw conclusions from a report by Morgan Stanley, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 199.

200. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 200 to the extent they purport to characterize or draw conclusions from reports written by Morningstar and J.P. Morgan, which speak for themselves. Defendants respectfully refer the Court to the reports for a complete and accurate account of the statements. Defendants otherwise deny the allegations in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201 to the extent they purport to characterize or draw conclusions from reports written by Barclays Research and Credit Suisse Research, which speak for themselves. Defendants respectfully refer the Court to these reports for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 201.

**C.      May 3, 2023 – Third Partial Corrective Disclosure/Materialization of the Risk**

202. To the extent that Paragraph 202 asserts legal conclusions, no response is required. To the extent that Paragraph 202 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on May 3, 2023, announcing its financial results for the third quarter of fiscal year 2023. To the extent the

allegations in Paragraph 202 purport to quote or characterize ELC's press release announcing its financial results for the third quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself. Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

203.    To the extent that Paragraph 203 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that ELC published a press release on May 3, 2023, announcing its financial results for the third quarter of fiscal year 2023.  To the extent the allegations in Paragraph 203 purport to quote or characterize ELC's press release announcing its financial results for the third quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the press release, which speaks for itself. Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

204.    To the extent that Paragraph 204 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Ms. Travis spoke on ELC's May 3, 2023 earnings call for the third quarter of fiscal year 2023.  To the extent the allegations in Paragraph 204 purport to quote or characterize Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

205.    To the extent that Paragraph 205 asserts legal conclusions, no response is required. To the extent that Paragraph 205 contains factual allegations requiring a response, Defendants deny the allegations set forth in Paragraph 205.

206.    To the extent that Paragraph 206 asserts legal conclusions, no response is required. To the extent that Paragraph 206 contains factual allegations requiring a response, Defendants deny the allegations set forth in Paragraph 206.

207.     To the extent that Paragraph 207 asserts legal conclusions, no response is required. To the extent that Paragraph 207 contains factual allegations requiring a response, Defendants deny the allegations set forth in Paragraph 207.

208.     To the extent that Paragraph 208 asserts legal conclusions, no response is required. To the extent that Paragraph 208 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that the share price of ELC stock closed at $202.70 on May 3, 2023.

209.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 209 to the extent they purport to characterize or draw conclusions from reports written by Raymond James and TD Cowen Research, which speak for themselves.  Defendants respectfully refer the Court to the reports for a complete and accurate account of the statements.  Defendants otherwise deny the allegations in Paragraph 209.

210.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 210 to the extent they purport to characterize or draw conclusions from reports written by MarketWatch and Morgan Stanley Research, which speak for themselves.  Defendants respectfully refer the Court to the reports for a complete and accurate account of the statements.  Defendants otherwise deny the allegations in Paragraph 210.

211.     To the extent that Paragraph 211 asserts legal conclusions, no response is required. To the extent that Paragraph 211 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda and Ms. Travis spoke on ELC's May 3, 2023 earnings call for the third quarter of fiscal year 2023.  To the extent the allegations in Paragraph 211 purport to quote or characterize Mr. Freda's and Ms. Travis's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the

statements, which speak for themselves. Defendants respectfully refer the Court to the full transcript for a complete and accurate account of its statements.

212. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants deny the allegations in Paragraph 212 to the extent they purport to characterize or draw conclusions from reports written by Piper Sandler Research and Jefferies Research, which speak for themselves. Defendants respectfully refer the Court to the articles for a complete and accurate account of the statements. Defendants otherwise deny the allegations in Paragraph 212.

### D.    August 18, 2023 – Fourth Partial Corrective Disclosure/Materialization of the Risk

213. To the extent that Paragraph 213 asserts legal conclusions, no response is required. To the extent that Paragraph 213 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that on August 18, 2023, ELC released its financial results for the fourth quarter of fiscal year 2023 and for fiscal year 2023. To the extent the allegations in Paragraph 213 purport to characterize the statements made in those financial results, Defendants deny that the characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the full financial results for a complete and accurate account of their statements.

214. To the extent that Paragraph 214 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that Mr. Freda spoke on ELC's August 18, 2023 earnings call for the fourth quarter of fiscal year 2023 and for fiscal year 2023. To the extent the allegations in Paragraph 214 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the full transcript for a complete and accurate account of its statements.

55

215.    To the extent that Paragraph 215 asserts legal conclusions, no response is required. To the extent that Paragraph 215 contains factual allegations requiring a response, Defendants deny the allegations.

216.    To the extent that Paragraph 216 asserts legal conclusions, no response is required. To the extent that Paragraph 216 contains factual allegations requiring a response, Defendants deny the allegations.

217.    To the extent that Paragraph 217 asserts legal conclusions, no response is required. To the extent that Paragraph 217 contains factual allegations requiring a response, Defendants deny the allegations.

218.    To the extent that Paragraph 218 asserts legal conclusions, no response is required. To the extent that Paragraph 218 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that the share price of ELC stock closed at $156.69 on August 18, 2023, and closed at $150.90 on August 21, 2023.

219.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 219 to the extent they purport to characterize or draw conclusions from reports written by Jefferies Research and the Financial Post/Bloomberg, which speak for themselves. Defendants respectfully refer the Court to the reports for a complete and accurate account of their statements. Defendants otherwise deny the allegations in Paragraph 219.

220.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations. Defendants further deny the allegations in Paragraph 220 to the extent they purport to characterize or draw conclusions from an article written by the Motley Fool, which speaks for itself. Defendants respectfully refer the Court to the article for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 220.

221.    To the extent that Paragraph 221 asserts legal conclusions, no response is required. To the extent that Paragraph 221 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that Mr. Freda spoke on ELC's August 18, 2023 earnings call for the fourth quarter of fiscal year 2023 and fiscal year 2023.  To the extent the allegations in Paragraph 221 purport to quote or characterize Mr. Freda's statements made on ELC's earnings call for the fourth quarter of fiscal year 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the full transcript for a complete and accurate account of its statements.

222.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 222 to the extent they purport to characterize or draw conclusions from a report written by Bernstein Research, which speaks for itself.  Defendants respectfully refer the Court to the report for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 222.

223.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 223 to the extent they purport to characterize or draw conclusions from a report written by Piper Sandler Research, which speaks for itself.  Defendants respectfully refer the Court to the report for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 223.

224.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants deny the allegations in Paragraph 224 to the extent they purport to characterize or draw conclusions from a report written by J.P. Morgan

Research, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements. Defendants otherwise deny the allegations in Paragraph 224.

**E.      November 1, 2023 – Final Corrective Disclosure/Materialization of the Risk**

225.    To the extent that Paragraph 225 asserts legal conclusions, including with respect to the "Class Period," no response is required. To the extent that Paragraph 225 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on November 1, 2023, ELC issued a quarterly report for the first quarter of fiscal year 2024. To the extent the allegations in Paragraph 225 purport to quote or characterize ELC's quarterly report for the first quarter of fiscal year 2024, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the quarterly report, which speaks for itself. Defendants respectfully refer the Court to the quarterly report for a complete and accurate account of its statements.

226.    To the extent that Paragraph 226 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on November 1, 2024, ELC issued a press release announcing its financial results for the first quarter of fiscal year 2024. To the extent the allegations in Paragraph 226 purport to quote or characterize the press release, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the quarterly report, which speaks for itself. Defendants respectfully refer the Court to the press release for a complete and accurate account of its statements.

227.    To the extent that Paragraph 227 asserts legal conclusions, no response is required. To the extent that Paragraph 227 contains factual allegations requiring a response, Defendants deny the allegations, except that they admit that on November 1, 2023, ELC issued a quarterly report for the first quarter of fiscal year 2024 and a press release announcing its earnings for the first quarter of fiscal year 2024. To the extent the allegations in Paragraph 227 purport to quote or characterize ELC's quarterly report and press release, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those documents, which speak for

themselves.  Defendants respectfully refer the Court to the documents for a complete and accurate account of their statements.

228.  To the extent that Paragraph 228 asserts legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 228 to the extent they purport to characterize or draw conclusions from an article written by The Daily Telegraph, which speaks for itself.  Defendants respectfully refer the Court to the article for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 228.

229.  To the extent that Paragraph 229 asserts legal conclusions, no response is required. To the extent that Paragraph 229 contains factual allegations requiring a response, Defendants deny the allegations.

230.  To the extent that Paragraph 230 asserts legal conclusions, no response is required. To the extent that Paragraph 230 contains factual allegations requiring a response, Defendants deny the allegations.

231.  To the extent that Paragraph 231 asserts legal conclusions, no response is required. To the extent that Paragraph 231 contains factual allegations requiring a response, Defendants deny the allegations, except Defendants admit that the share price of ELC stock closed at $104.51 on November 1, 2023.

232.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 232 to the extent they purport to characterize or draw conclusions from reports written by Jefferies Research and Canaccord Genuity Research, which speak for themselves.  Defendants respectfully refer the Court to these reports for a complete and accurate account of their statements.  Defendants otherwise deny the allegations in Paragraph 232.

233.    Defendants deny the allegations in Paragraph 233 to the extent they purport to characterize or draw conclusions from a November 2, 2023 report written by UBS Research and an article published by WWD Beauty, which speak for themselves.  Defendants respectfully refer the Court to these articles for a complete and accurate account of their statements.  Defendants otherwise deny the allegations in Paragraph 233.

234.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 234 to the extent they purport to characterize or draw conclusions from a report written by RBC, which speaks for itself.  Defendants respectfully refer the Court to the report for a complete and accurate account of its statements.

235.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 regarding the mental states or subjective beliefs of third parties, and on that basis deny those allegations.  Defendants further deny the allegations in Paragraph 235 to the extent they purport to characterize or draw conclusions from a report written by Barclays Research, which speaks for itself.  Defendants respectfully refer the Court to the report for a complete and accurate account of its statements.  Defendants otherwise deny the allegations in Paragraph 235.

## VII.    ADDITIONAL INDICIA OF SCIENTER

236.    To the extent that Paragraph 236 asserts legal conclusions, no response is required. To the extent that Paragraph 236 contains factual allegations requiring a response, Defendants deny the allegations.

### A.    The Individual Defendants Closely Tracked Sales, Forecasting, and Pricing Data That Provided "Clear Visibility" Into the Source of Company Sales

237.    To the extent that Paragraph 237 asserts legal conclusions, no response is required. To the extent that Paragraph 237 contains factual allegations requiring a response, Defendants

60

deny the allegations, except that Defendants admit that Mr. Freda served as ELC's Chief Executive Officer from July 2009 through December 2024, and admit that Ms. Travis served as ELC's Chief Financial Officer from August 2012 through October 2024.

238.    To the extent that Paragraph 238 asserts legal conclusions, no response is required. To the extent that Paragraph 238 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that ELC filed a proxy statement on September 29, 2022. To the extent the allegations in Paragraph 238 purport to quote or characterize this proxy statement, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the proxy statement, which speaks for itself. Defendants respectfully refer the Court to the proxy statement for a complete and accurate account of the statements.

239.    To the extent that Paragraph 239 asserts legal conclusions, no response is required. To the extent that Paragraph 239 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that Mr. Freda and Ms. Travis spoke on ELC's May 3, 2021 earnings call for the third quarter of fiscal year 2021. To the extent the allegations in Paragraph 239 purport to quote or characterize this earnings call, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of the statements.

240.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 240.

241.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 241.

242.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 242.

243. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 243.

244. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 attributed to unidentified former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 244, except that Defendants admit that Israel Assa was Global President, Travel Retail Worldwide.

245. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 attributed to unidentified former employees, and on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 245, except that Defendants admit that Israel Assa was President, Commercial Estée Lauder Travel Retail Worldwide.

246. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 attributed to unidentified former employees, and on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 246.

**B.      Lauder's Travel Retail Distribution Channels Were Core Operations**

247. To the extent that Paragraph 247 asserts legal conclusions, no response is required. To the extent the allegations in Paragraph 247 purport to quote or characterize ELC's financial results for 2018 and 2022, Defendants deny that the quotes or characterizations fully or accurately reflect the content of ELC's financial results, which speak for themselves. Defendants respectfully refer the Court to ELC's annual reports for the fiscal years 2018 and 2022 for a complete and accurate account of ELC's financial results. Defendants otherwise deny the allegations in paragraph 247.

248. To the extent that Paragraph 248 asserts legal conclusions, no response is required. To the extent that Paragraph 248 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that Mr. Freda spoke at the June 7, 2022 opening ceremony for ELC's Galgenen Distribution Center in Switzerland, and that Mr. Freda spoke on ELC's February 2, 2023 earnings call for the second quarter of fiscal year 2023. To the

extent that the allegations in Paragraph 248 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves.

249. To the extent that Paragraph 249 asserts legal conclusions, no response is required. To the extent that Paragraph 249 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that Mr. Freda spoke on ELC's May 3, 2023 earnings call for the third quarter of fiscal year 2023. To the extent that the allegations in Paragraph 249 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of those statements, which speak for themselves. Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of those statements.

250. To the extent that Paragraph 250 asserts legal conclusions, no response is required. To the extent that Paragraph 250 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that ELC filed annual reports for the fiscal years 2021, 2022, and 2023 disclosing its financial results for those fiscal years. To the extent the allegations in Paragraph 250 purport to quote or characterize ELC's annual reports for the fiscal years 2021, 2022, and 2023, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the annual reports, which speak for themselves. Defendants respectfully refer the Court to ELC's full annual reports for the fiscal years 2021, 2022, and 2023 for a complete and accurate account of ELC's financial results.

251. To the extent that Paragraph 251 asserts legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 regarding the mental states or subjective beliefs of third parties, and on that basis, deny those allegations. Defendants further deny the allegations in Paragraph 251 to the extent they purport to characterize or draw conclusions from reports written by Barclays Research, Piper Sandler, Credit Suisse, Jefferies Research, and Raymond James, or an article by the Financial Post, which speak for themselves. Defendants respectfully refer the Court to those

reports and article for a complete and accurate account of their statements.  Defendants otherwise deny the allegations in Paragraph 251.

252.    To the extent that Paragraph 252 asserts legal conclusions, no response is required. To the extent that Paragraph 252 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that ELC filed an annual report for the fiscal year 2021.  To the extent the allegations in Paragraph 252 purport to quote or characterize ELC's annual report for the fiscal year 2021, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the annual report, which speaks for itself.  Defendants further deny the allegations in Paragraph 252 to the extent they purport to characterize or draw conclusions from an article written by Wells Fargo, which speaks for itself.  Defendants respectfully refer the Court to ELC's annual report for the fiscal year 2021 and the Wells Fargo report for a complete and accurate account of those statements.  Defendants otherwise deny the allegations of Paragraph 252.

253.    To the extent that Paragraph 253 asserts legal conclusions, no response is required. To the extent that Paragraph 253 contains factual allegations requiring a response, Defendants deny those allegations.

**C.    During the Class Period, the SEC Inquired About Lauder's Increased Net Sales Volumes in 2021**

254.    To the extent that Paragraph 254 asserts legal conclusions, no response is required. To the extent that Paragraph 254 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that on May 12, 2022, ELC received a comment letter from the SEC on its annual report for the fiscal year 2021, and that on May 25, 2022, ELC responded to the SEC's comment letter with a letter from Ms. Travis.  To the extent the allegations in Paragraph 254 purport to quote or characterize this publicly available correspondence, Defendants deny that the quotes or characterizations fully or accurately reflect the content of this correspondence, which speaks for itself.  Defendants respectfully refer the Court to the publicly available correspondence for a complete and accurate account of those statements.

255.    To the extent that Paragraph 255 asserts legal conclusions, no response is required. To the extent that Paragraph 255 contains factual allegations requiring a response, Defendants deny the allegations, except that Defendants admit that on June 9, 2022, ELC received a response letter from the SEC regarding its comment letter on its annual report for the fiscal year 2021, and that on July 21, 2022, ELC responded to the SEC's comment letter with a letter from Ms. Travis. To the extent the allegations in Paragraph 255 purport to quote or characterize this publicly available correspondence, Defendants deny that the quotes or characterizations fully or accurately reflect the content of this correspondence, which speaks for itself.  Defendants respectfully refer the Court to the publicly available correspondence for a complete and accurate account of those statements.

256.    To the extent that Paragraph 256 asserts legal conclusions, no response is required. To the extent that Paragraph 256 contains factual allegations requiring a response, Defendants deny those allegations.

### D.    Defendants' Statements Themselves Support a Strong Inference of Scienter

257.    To the extent that Paragraph 257 asserts legal conclusions, no response is required. To the extent that Paragraph 257 contains factual allegations requiring a response, Defendants deny those allegations.

258.    To the extent that Paragraph 258 asserts legal conclusions, no response is required. To the extent that Paragraph 258 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that Mr. Freda spoke on ELC's February 5, 2019 earnings call for the second quarter of fiscal year 2019.  To the extent the allegations in Paragraph 258 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

259.    To the extent that Paragraph 259 asserts legal conclusions, no response is required. To the extent that Paragraph 259 contains factual allegations requiring a response, Defendants

deny those allegations, except that Defendants admit that on February 3, 2022, ELC filed a quarterly report for the second quarter of fiscal year 2022 and that Mr. Freda spoke on ELC's earnings call for the second quarter of fiscal year 2022. To the extent the allegations in Paragraph 259 purport to quote or characterize ELC's quarterly report for the second quarter of fiscal year 2022 or Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the quarterly report for the second quarter of fiscal year 2022 and the earnings call transcript for a complete and accurate account of their statements.

260. To the extent that Paragraph 260 asserts legal conclusions, no response is required. To the extent that Paragraph 260 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that Mr. Freda spoke on ELC's earnings calls for the second quarter and fourth quarter of fiscal year 2022, and at the Bernstein Strategic Decisions Conference on June 2, 2022, and on ELC's earnings call for the first quarter of 2023. To the extent the allegations in Paragraph 260 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves. Defendants respectfully refer the Court to the transcripts for a complete and accurate account of their statements.

261. To the extent that Paragraph 261 asserts legal conclusions, no response is required. To the extent that Paragraph 261 contains factual allegations requiring a response, Defendants deny those allegations.

### E.    Defendants Were Frequently Interviewed About "Government and Retailer Policies Related to Unstructured Market Activity"

262. To the extent that Paragraph 262 asserts legal conclusions, no response is required. To the extent that Paragraph 262 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that Mr. Freda spoke on ELC's February 5, 2019 earnings call for the second quarter of fiscal year 2019, and that ELC filed a quarterly report for the first quarter of fiscal year 2024 on November 1, 2023. To the extent the allegations in

Paragraph 262 purport to quote or characterize Mr. Freda's statements or the quarterly report for the first quarter of fiscal year 2024, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript and quarterly report for a complete and accurate account of its statements.

263.    To the extent that Paragraph 263 asserts legal conclusions, no response is required. To the extent that Paragraph 263 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that Mr. Freda spoke on ELC's August 19, 2021 earnings call for the fourth quarter of fiscal year 2021.  To the extent the allegations in Paragraph 263 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the earnings call transcript for a complete and accurate account of its statements.

264.    To the extent that Paragraph 264 asserts legal conclusions, no response is required. To the extent that Paragraph 264 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that Mr. Freda spoke at the June 1, 2023 Bernstein Strategic Decisions Conference.  To the extent the allegations in Paragraph 264 purport to quote or characterize Mr. Freda's statements, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the statements, which speak for themselves.  Defendants respectfully refer the Court to the transcript for a complete and accurate account of its statements.

## VIII.  CLASS ACTION ALLEGATIONS

265.    To the extent that Paragraph 265 asserts legal conclusions, no response is required. To the extent that Paragraph 265 contains factual allegations requiring a response, Defendants deny those allegations.

266.    To the extent that Paragraph 266 asserts legal conclusions, no response is required. To the extent that Paragraph 266 contains factual allegations requiring a response, Defendants

deny those allegations, except that Defendants admit that ELC shares traded on the New York Stock Exchange. Defendants further lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiffs' beliefs about the putative class members and whether and how they can be contacted and, on that basis, deny those allegations.

267.    To the extent that Paragraph 267 asserts legal conclusions, no response is required. To the extent that Paragraph 267 contains factual allegations requiring a response, Defendants deny those allegations.

268.    To the extent that Paragraph 268 asserts legal conclusions, no response is required. To the extent that Paragraph 268 contains factual allegations requiring a response, Defendants deny those allegations.

269.    To the extent that Paragraph 269 asserts legal conclusions, no response is required. To the extent that Paragraph 269 contains factual allegations requiring a response, Defendants deny those allegations.

270.    To the extent that Paragraph 270 asserts legal conclusions, no response is required. To the extent that Paragraph 270 contains factual allegations requiring a response, Defendants deny those allegations.

## IX.    PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

271.    To the extent that Paragraph 271 asserts legal conclusions, no response is required. To the extent that Paragraph 271 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that ELC's shares are listed and traded on the New York Stock Exchange, that ELC files periodic reports and publishes press releases, that ELC communicates with investors via press releases and other mechanisms, and that on February 5, 2024, ELC filed a quarterly report for the second quarter of fiscal year 2024. To the extent the allegations in Paragraph 271 purport to quote or characterize ELC's quarterly report, Defendants deny that the quotes or characterizations fully or accurately reflect the content of the report, which speaks for itself. Defendants respectfully refer the Court to the report for a complete and accurate account of its statements.

272.    To the extent that Paragraph 272 asserts legal conclusions, no response is required. To the extent that Paragraph 272 contains factual allegations requiring a response, Defendants deny those allegations.

273.    To the extent that Paragraph 273 asserts legal conclusions, no response is required. To the extent that Paragraph 273 contains factual allegations requiring a response, Defendants deny those allegations.

274.    To the extent that Paragraph 274 asserts legal conclusions, no response is required. To the extent that Paragraph 274 contains factual allegations requiring a response, Defendants deny those allegations.

275.    To the extent that Paragraph 275 asserts legal conclusions, no response is required. To the extent that Paragraph 275 contains factual allegations requiring a response, Defendants deny those allegations.

## X.    INAPPLICABILITY OF STATUTORY SAFE HARBOR

276.    To the extent that Paragraph 276 asserts legal conclusions, no response is required. To the extent that Paragraph 276 contains factual allegations requiring a response, Defendants deny those allegations.

277.    To the extent that Paragraph 277 asserts legal conclusions, no response is required. To the extent that Paragraph 277 contains factual allegations requiring a response, Defendants deny those allegations.

278.    To the extent that Paragraph 278 asserts legal conclusions, no response is required. To the extent that Paragraph 278 contains factual allegations requiring a response, Defendants deny those allegations.

## XI.    CONTROL PERSON ALLEGATIONS

279.    To the extent that Paragraph 279 asserts legal conclusions, no response is required. To the extent that Paragraph 279 contains factual allegations requiring a response, Defendants deny those allegations.

280. To the extent that Paragraph 280 asserts legal conclusions, no response is required. To the extent that Paragraph 280 contains factual allegations requiring a response, Defendants deny those allegations.

281. To the extent that Paragraph 281 asserts legal conclusions, no response is required. To the extent that Paragraph 281 contains factual allegations requiring a response, Defendants deny those allegations.

282. To the extent that Paragraph 282 asserts legal conclusions, no response is required. To the extent that Paragraph 282 contains factual allegations requiring a response, Defendants deny those allegations, except that Defendants admit that ELC common stock was traded publicly on the New York Stock Exchange.

283. To the extent that Paragraph 283 asserts legal conclusions, no response is required. To the extent that Paragraph 283 contains factual allegations requiring a response, Defendants deny those allegations.

284. To the extent that Paragraph 284 asserts legal conclusions, no response is required. To the extent that Paragraph 284 contains factual allegations requiring a response, Defendants deny those allegations.

285. To the extent that Paragraph 285 asserts legal conclusions, no response is required. To the extent that Paragraph 285 contains factual allegations requiring a response, Defendants deny those allegations.

## XII.    CAUSES OF ACTION

### COUNT I
### For Violation of §10(b) of the Exchange Act
### and Rule 10b-5 against Defendants Lauder, Freda, and Travis

286. Responding to Paragraph 286, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

287. Defendants need not respond to the allegations in Paragraph 287 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them. To the extent that Paragraph 287 asserts legal conclusions, no response is

required.    To the extent a response is required, Defendants deny the allegations set forth in Paragraph 287.

288.    Defendants need not respond to the allegations in Paragraph 288 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them.    To the extent that Paragraph 288 asserts legal conclusions, no response is required.    To the extent a response is required, Defendants deny the allegations set forth in Paragraph 288.

289.    Defendants need not respond to the allegations in Paragraph 289 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them.    To the extent that Paragraph 289 asserts legal conclusions, no response is required.    To the extent a response is required, Defendants deny the allegations set forth in Paragraph 289.

290.    Defendants need not respond to the allegations in Paragraph 290 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them.    To the extent that Paragraph 290 asserts legal conclusions, no response is required.    To the extent a response is required, Defendants deny the allegations set forth in Paragraph 290.

291.    Defendants need not respond to the allegations in Paragraph 291 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them.    To the extent that Paragraph 291 asserts legal conclusions, no response is required.    Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 291 regarding Lead Plaintiffs' and other putative class members' decisions to purchase ELC securities.    To the extent a response is required, Defendants deny the allegations set forth in Paragraph 291.

292.    Defendants need not respond to the allegations in Paragraph 292 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them.    To the extent that Paragraph 292 asserts legal conclusions, no response is

required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 292.

## COUNT II
### For Violation of §20(a) of the Exchange Act
### against the Individual Defendants

293. Responding to Paragraph 293, Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

294. Defendants need not respond to the allegations in Paragraph 294 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them. To the extent that Paragraph 294 asserts legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 294.

295. Defendants need not respond to the allegations in Paragraph 295 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them. To the extent that Paragraph 295 asserts legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 295.

296. Defendants need not respond to the allegations in Paragraph 296 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them. To the extent that Paragraph 296 asserts legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 296.

297. Defendants need not respond to the allegations in Paragraph 297 inasmuch as they relate to allegations that the Court deemed nonactionable in the March 31, 2025 Order, and on that basis, denies them. To the extent that Paragraph 297 asserts legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 297.

## XIII.   PRAYER FOR RELIEF

Defendants deny that Lead Plaintiff or the putative class have any valid claims against them.  Defendants further deny that Lead Plaintiff or the other putative Class members are entitled to any of the relief requested, including a judgment, class damages, costs, or any other relief.

## XIV.   JURY TRIAL DEMAND APPLICABLE TO ALL CLAIMS

Defendants deny that any of the claims asserted against them in the Complaint are valid, but Defendants demand a trial by jury for all claims so triable.

## DEFENSES

Without admitting or suggesting that Defendants bear the burden of proof on any of the following issues or defenses, and without waiving and hereby expressly preserving their right to assert any defenses, Defendants assert the defenses and affirmative defenses below with respect to the causes of action alleged in the Complaint.  Defendants expressly reserve the right: (i) to amend or supplement this Answer, its defenses and affirmative defenses, and all other pleadings; (ii) to assert any and all additional defenses and affirmative defenses under any applicable law; and (iii) assert any cross-claims, counterclaims, and third-party claims.

## FIRST DEFENSE

Lead Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Lead Plaintiffs' claims fail because Defendants did not omit or make any untrue statement of material fact.

## THIRD DEFENSE

Lead Plaintiffs' claims fail because Defendants lacked the requisite scienter necessary to establish violations of the securities laws.

### FOURTH DEFENSE

Lead Plaintiffs' claims fail to the extent that Lead Plaintiffs, or any persons on whose behalf they purport to act, did not purchase ELC's securities during the relevant period, sold their ELC shares before the end of the Class Period, and/or otherwise lack standing.

### FIFTH DEFENSE

Defendants made full and accurate disclosures of all information required to be disclosed.

### SIXTH DEFENSE

Lead Plaintiffs' claims fail to the extent that they are based on immaterial statements, including expressions of opinion and puffery.

### SEVENTH DEFENSE

Defendants are not liable because they acted in good faith and exercised reasonable care at all times, and any alleged misrepresentations or omissions by Defendants were based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

### EIGHTH DEFENSE

Defendants are not liable because any alleged misrepresentations by Defendants were forward-looking statements accompanied by meaningful cautionary language and/or risk disclosures and are not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and/or are not actionable under the bespeaks caution doctrine.

### NINTH DEFENSE

Lead Plaintiffs' claims are barred, in whole or in part, because they cannot show transaction causation.

**TENTH DEFENSE**

Lead Plaintiffs' claims are barred, in whole or in part, because allegedly undisclosed material facts were publicly known.

**ELEVENTH DEFENSE**

Lead Plaintiffs are not entitled to a presumption of reliance and did not reasonably rely on any allegedly misleading statement of material fact when purchasing ELC's securities.

**TWELFTH DEFENSE**

Lead Plaintiffs' claims fail to the extent that they knew or are deemed to have known of any allegedly undisclosed facts on which their claims are based.

**THIRTEENTH DEFENSE**

No alleged act or omission of Defendants caused the loss for which Lead Plaintiffs seek to recover damages.  15 U.S.C. § 78u-4(b)(4).

**FOURTEENTH DEFENSE**

Lead Plaintiffs' claims for damages are speculative, and Lead Plaintiffs incurred no recoverable damages.

**FIFTEENTH DEFENSE**

Lead Plaintiffs knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

**SIXTEENTH DEFENSE**

Lead Plaintiffs' claims fail because Defendants are not responsible (in law or in fact) for the alleged misleading statements or omissions by others on which Lead Plaintiff allegedly relied.

**SEVENTEENTH DEFENSE**

Lead Plaintiffs' claims fail to the extent that they seek damages exceeding the difference between the purchase price paid for the securities and the mean trading price of those securities during the 90-day period following the alleged corrective disclosure, or to the extent Lead Plaintiffs' damages are offset by profits received from investing or shorting ELC securities.

**EIGHTEENTH DEFENSE**

Lead Plaintiffs' claims against Defendants fail to the extent they seek damages exceeding Defendants' proportionate liability.

**NINETEENTH DEFENSE**

Lead Plaintiffs' claims are improperly brought and cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**TWENTIETH DEFENSE**

Mr. Freda and Ms. Travis are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and they did not directly, or indirectly, induce any of the alleged acts that would constitute a violation of the Exchange Act.

**TWENTY-FIRST DEFENSE**

Mr. Freda and Ms. Travis are not subject to control person liability under Section 20(a) of the Exchange Act because they did not exercise general or specific control over the alleged primary violations of Section 10(b) of the Exchange Act.

**TWENTY-SECOND DEFENSE**

Lead Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, unclean hands, and/or other related equitable doctrines.

## TWENTY-THIRD DEFENSE

Defendants have not knowingly and intentionally waived any applicable additional defenses and reserves the right to raise additional defenses as they become known through discovery in this matter.  Defendants further reserve the right to amend their Answer and/or Additional Defenses accordingly and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER

WHEREFORE, Defendants respectfully requests that the Court:

A. Deny class certification and strike all class allegations from the Complaint;

B. Render judgment that Lead Plaintiffs take nothing by this suit;

C. Dismiss Lead Plaintiffs' Complaint with prejudice;

D. Award Defendants its costs of court and other fees; and

E. Grant any other relief to which Defendants may be justly entitled, whether in law or in equity.

Dated: May 5, 2025
         New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By:*/s/ Barry H. Berke*
     Barry H. Berke

Barry H. Berke
Mary Beth Maloney
David M. Kusnetz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035
BBerke@gibsondunn.com
MMaloney@gibsondunn.com

Monica K. Loseman
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street
Suite 3000
Denver, CO 80202-2211
Telephone: 303.298.5784
Facsimile: 303.313.2828
MLoseman@gibsondunn.com

Jason J. Mendro
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036-4504
Telephone: 202.887.3726
Facsimile: 202.530.9626
JMendro@gibsondunn.com

*Attorneys for Defendants The Estée Lauder Companies Inc., Fabrizio Freda, and Tracey Travis*