GRANTED. The Clerk of Court is directed to terminate the motion at Dkt. 92.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: August 22, 2025

August 21, 2025

VIA ECF
The Honorable Arun Subramanian
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Joint Letter Motion to Extend Time to Complete Discovery in *In Re The Estée Lauder Co., Inc. Securities Litig.*, No. 1:23-cv-10669-AS

Dear Judge Subramanian:

Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund and Wayne County Employees' Retirement System (collectively, "Lead Plaintiffs") and Defendants The Estée Lauder Companies Inc. ("ELC"), Fabrizio Freda, and Tracey T. Travis (collectively, "Defendants") respectfully submit this joint letter motion to request an extension of certain deadlines in the Civil Case Management Plan and Scheduling Order, dated April 17, 2025 (the "Scheduling Order," ECF. 63).

***Extension of Discovery Deadlines.***    The Parties respectfully request an extension of remaining discovery deadlines by approximately five months.  The existing Scheduling Order provides for Defendants to substantially complete document production by September 24, 2025 and for the Parties to complete all fact discovery by December 18, 2025.  This schedule was entered before the Parties had exchanged initial disclosures or discovery requests.  Since that time, the Parties have engaged in extensive negotiations regarding the appropriate scope of Lead Plaintiffs' 36 requests for production to each Defendant ("Lead Plaintiffs' Requests").  Pursuant to the Court's Order dated August 6, 2025, the Parties traded proposals over custodians and search terms, and Defendants provided "hit" counts to aid in the negotiations.  During these negotiations, Lead Plaintiffs and Defendants productively discussed their competing views regarding the scope of discovery and related issues.  Lead Plaintiffs maintained that this is a large and complex securities case warranting significant discovery.  Defendants maintained that the expansive discovery sought by Lead Plaintiffs was not feasible in the abbreviated discovery schedule and further expressed concerns about relevance and proportionality.  The Parties ultimately reached a compromise to address both sides' concerns and resolve the outstanding disputes (ECF 87).

To that end, Defendants agreed to certain discovery parameters so long as the Parties obtained an extension of the Scheduling Order to accommodate the time Defendants reasonably believe necessary to collect, review, and produce such documents.  Specifically, Defendants agreed to collect, review, and produce documents from 31 custodians spanning a time period of January 1, 2020 through January 30, 2024 (and for an expanded time period both before and after for certain Requests), utilizing proposed search terms.  Defendants have so far collected nearly 3,000,000 documents from 10 custodians.  Application of the proposed search parameters to just 10 of the custodians yields an estimated 265,000 documents for review by Defendants.  Defendants

are in the process of collecting data for the more than four-year period for the remaining custodians.  Although Defendants cannot yet apply the proposed search parameters to the in-process custodian collections, Defendants anticipate the review population would be at least 820,000 documents based on the hit counts returned to date.

Given the likely size of the resulting review population, Defendants require additional time to complete the review.  Even with substantial resources—dozens of attorneys and additional supporting technical and other professionals dedicated to the matter—Defendants project they will require at least five additional months to substantially complete production.  In order to continue progressing the case, Defendants have started producing documents, will make continued rolling productions, and have agreed to produce a meaningful number of documents by December 1, 2025.

Lead Plaintiffs acknowledge that substantial document collection, review and production is required in this matter given the complex issues, geographic scope, relevant time period, and damages at issue.  Lead Plaintiffs also recognize that Defendants are in the best position to determine how much time is needed to collect, review and produce documents for 31 custodians.  Accordingly, the Parties have agreed to submit this joint request for a five-month extension of the discovery deadlines.

***Extension of Remaining Class Certification Deadlines***.  The Parties respectfully request an extension of the remaining class certification deadlines by approximately twelve weeks.  The existing Scheduling Order provides for Defendants to oppose class certification on September 25, 2025, approximately thirteen weeks after Lead Plaintiffs' June 27, 2025 substantial completion deadline.  Lead Plaintiffs produced documents on June 27, 2025 and July 2, 2025, and produced additional documents pursuant to follow up requests by Defendants on August 4, 2025.[1]  Defendants served a letter on August 12, 2025 with additional questions about Lead Plaintiffs' productions to date and the Parties are currently in discussions to resolve any outstanding issues.

Defendants require sufficient time to prepare for, schedule, and depose Lead Plaintiffs' representatives, third party witnesses (including Lead Plaintiffs' financial advisors), and Lead Plaintiffs' expert witness relevant to class certification.  The original schedule provided approximately thirteen weeks following Lead Plaintiffs' completion of document production for Defendants to engage in discovery related to class certification, including third party subpoenas and depositions of Lead Plaintiffs, financial advisors, and Lead Plaintiffs' expert.  Assuming any outstanding issues regarding Lead Plaintiffs' production are resolved by mid-September, the requested extension provides the same period contemplated by the original schedule to accommodate this discovery.  An extension to the deadline to oppose class certification to December 19, 2025 and a related adjustment to Lead Plaintiffs' reply deadline to February 13, 2026 is therefore necessary.

---

[1] In addition, Defendants timely served subpoenas on four of Lead Plaintiffs' investment managers and investment consultants for documents relevant to class certification.  To date, Defendants have only received document productions from two of those four entities.

August 21, 2025<br>Page 3

Separate and apart from the negotiations over the scope of discovery, the Parties agreed to participate in mediation this December.  The Parties believe it appropriate to notify the Court of their intent to participate in mediation, but the scheduled mediation is not a basis for this joint request to adjust the schedule.

In sum, the Parties seek to adjust the remaining case deadlines in the Scheduling Order as set forth in Exhibit A.  There have been no prior requests for an extension of time or adjournment with respect to the Scheduling Order.  The Court previously granted Defendants' request for an extension of time to answer, move, or otherwise respond to the Complaint pending appointment of a lead plaintiff and class counsel.  (ECF 17).  The Court also granted Defendants' request for an extension of Defendants' time to answer the Amended Complaint and to adjourn the initial pretrial conference.  (ECF 61).  The Parties do not have an appearance before the Court scheduled. In addition to the deadlines set forth in Exhibit A, the Electronic Discovery Agreement and Order in this Action establishes the following deadlines for the production of privilege logs:  "The first interim log shall be produced 60 days before substantial completion of document productions.  The second shall be produced 14 days before substantial completion.  The final log shall be produced 14 days after substantial completion."  (ECF 74).

Respectfully submitted,

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP | LABATON KELLER SUCHAROW LLP |
| */s/ Barry H. Berke* | */s/ James T. Christie* |
| Barry H. Berke | James T. Christie |
| *Attorney for Defendants The Estée Lauder Companies Inc., Fabrizio Freda, and Tracey T. Travis* | *Attorney for Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System and the Proposed Class* |

# EXHIBIT A

Case 1:23-cv-10669-ASS    Document 9231    Filed 08/22/25    Page 4 of 52

| Event | Current Deadline | Parties' Proposal |
|---|---|---|
| Deadline for substantial completion of Defendants' document production.  Defendants agree to make rolling productions and to produce a meaningful number of documents by December 1, 2025. | September 24, 2025 | February 24, 2026 |
| Deadline for Defendants' opposition to Lead Plaintiff's motion for class certification and Defendants to serve expert report in opposition to motion for class certification. | September 25, 2025 | December 19, 2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20. | October 8, 2025 | March 9, 2026 |
| Deadline to file motion seeking leave to amend the pleadings without leave of court. | October 8, 2025 | March 9, 2026 |
| Deadline for Lead Plaintiff to file reply in support of motion for class certification. | November 7, 2025 | February 13, 2026 |
| Deadline for completing fact discovery. | December 18, 2025 | May 19, 2026 |
| Disclosure of party-proponent Experts under Fed. R. Civ. P. 26(a)(2). | January 9, 2026 | June 8, 2026 |
| Deadline to serve Requests to Admit. | February 11, 2026 | July 10, 2026 |
| Disclosure of party-opponent Experts under Fed. R. Civ. P. 26(a)(2). | February 23, 2026 | July 23, 2026 |
| Deadline for completing expert discovery. | March 13, 2026 | August 12, 2026 |
| Deadline for filing Summary Judgment, other dispositive, and/or *Daubert* motions. | April 13, 2026 | September 15, 2026 |
| Deadline for filing opposition to Summary Judgment, other dispositive, and/or *Daubert* motions. | May 28, 2026 | October 29, 2026 |
| Deadline for filing repl(ies) in support of Summary Judgment, other dispositive, and/or *Daubert* motions. | June 29, 2026 | December 3, 2026 |