November 12, 2025

VIA ECF
The Honorable Arun Subramanian
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Joint Letter Motion to Extend Time to Complete Briefing on Lead Plaintiffs' Motion for
       Class Certification in *In Re The Estée Lauder Co., Inc. Securities Litig.*, No. 1:23-cv-
       10669-AS

Dear Judge Subramanian:

        Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree
Health Care Fund and Wayne County Employees' Retirement System (collectively, "Lead
Plaintiffs") and Defendants The Estée Lauder Companies Inc., Fabrizio Freda, and Tracey T.
Travis (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties") respectfully
submit this joint letter motion to request a modest extension of two deadlines in the Civil Case
Management Plan and Scheduling Order, dated April 17, 2025 (the "Scheduling Order," ECF 63),
as modified by the Court's Order dated August 22, 2025 (the "August 22 Order," ECF 93).
Specifically, the Parties respectfully request a five-week extension for both Defendants' opposition
to Lead Plaintiffs' motion for class certification (currently due December 19, 2025) and Lead
Plaintiffs' reply in support of class certification (currently due February 13, 2026).

        Since the Court's August 22 Order, the Parties have continued to engage in extensive
discovery. To date, Defendants have produced just over 40,000 documents, with review and
production of additional documents ongoing.  The Parties have also conducted discovery
specifically related to Lead Plaintiffs' motion for class certification.  While the depositions of all
three Lead Plaintiffs have been completed, scheduling challenges caused by existing professional
obligations and upcoming holidays have impacted the Parties' ability to schedule the deposition
of Lead Plaintiffs' expert sufficiently in advance of the current deadline for Defendants to oppose
class certification.  As a result, the Parties agree that a five-week extension of the opposition
deadline is necessary to permit scheduling and afford Defendants sufficient time to incorporate
this discovery into their opposition brief and supporting expert reports.  A commensurate extension
of Lead Plaintiffs' deadline to file a reply brief is required to maintain Lead Plaintiffs' allotted
time to respond to Defendants' opposition arguments.

        The Parties thus seek to adjust the two remaining class certification deadlines in the
modified Scheduling Order, as set forth in Exhibit A.  The Court has granted one prior request for
an extension of time or adjournment with respect to the Scheduling Order, in the August 22 Order.
Before that, the Court previously granted Defendants' request for an extension of time to answer,
move, or otherwise respond to the Complaint pending appointment of a lead plaintiff and class
counsel (ECF 17), and the Court also granted Defendants' request for an extension of Defendants'

time to answer the Amended Complaint and to adjourn the initial pretrial conference (ECF 61). The Parties do not have an appearance before the Court scheduled and this extension of time would not affect any other deadlines in the current Scheduling Order.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ Barry H. Berke

Barry H. Berke

*Attorney for Defendants The Estée Lauder Companies Inc., Fabrizio Freda, and Tracey T. Travis*

LABATON KELLER SUCHAROW LLP

/s/ James T. Christie

James T. Christie

*Attorney for Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System and the Proposed Class*

## Exhibit A

| Event | Current Deadline | Parties' Proposal |
|---|---|---|
| Deadline for Defendants' opposition to Lead Plaintiff's motion for class certification and Defendants to serve expert report in opposition to motion for class certification. | December 19, 2025 | January 23, 2026 |
| Deadline for substantial completion of Defendants' document production. Defendants agree to make rolling productions and to produce a meaningful number of documents by December 1, 2025. | February 24, 2026 | *Unchanged* |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20. | March 9, 2026 | *Unchanged* |
| Deadline to file motion seeking leave to amend the pleadings without leave of court. | March 9, 2026 | *Unchanged* |
| Deadline for Lead Plaintiff to file reply in support of motion for class certification. | February 13, 2026 | March 20, 2026 |
| Deadline for completing fact discovery. | May 19, 2026 | *Unchanged* |
| Disclosure of party-proponent Experts under Fed. R. Civ. P. 26(a)(2). | June 8, 2026 | *Unchanged* |
| Deadline to serve Requests to Admit. | July 10, 2026 | *Unchanged* |
| Disclosure of party-opponent Experts under Fed. R. Civ. P. 26(a)(2). | July 23, 2026 | *Unchanged* |
| Deadline for completing expert discovery. | August 12, 2026 | *Unchanged* |
| Deadline for filing Summary Judgment, other dispositive, and/or *Daubert* motions. | September 15, 2026 | *Unchanged* |
| Deadline for filing opposition to Summary Judgment, other dispositive, and/or *Daubert* motions. | October 29, 2026 | *Unchanged* |
| Deadline for filing repl(ies) in support of Summary Judgment, other dispositive, and/or *Daubert* motions. | December 3, 2026 | *Unchanged* |

GRANTED.

Defendants' opposition to Lead Plaintiffs' motion for class certification is now due by January 23, 2026. Lead Plaintiffs' reply in support of class certification is now due by March 20, 2026.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 12, 2025