**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE THE ESTÉE LAUDER CO., INC.
SECURITIES LITIGATION

No. 1:23-cv-10669-AS
Hon. Arun Subramanian

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the proposed Settlement Class, on the one hand, and The Estée Lauder Companies Inc. ("Estée Lauder" or the "Company"), Fabrizio Freda and Tracey T. Travis (the "Individual Defendants" and, together with Estée Lauder, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement, dated as of May 6, 2026 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action on the merits and with prejudice;

B.      Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed Settlement in accordance

with the Stipulation, and directing notice of the Settlement to Settlement Class Members, as more fully described herein;

C.    The Court has read and considered: (i) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto;

D.    The Parties to the Stipulation have consented to the entry of this order; and

E.    All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2026 that:**

1.    **Preliminary Approval of the Settlement.** The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and will likely be able to certify the Settlement Class, subject to further consideration at the Settlement Hearing described below.

2.    **Certification of the Settlement for Purposes of Settlement.** Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or otherwise acquired the publicly traded common stock of The Estée Lauder Companies Inc. during the period from February 3, 2022 through February 3, 2025, both dates inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii)

any person who was an officer, director or Control Person of Estée Lauder during the Class Period and their immediate families; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Estée Lauder's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, subsidiaries, trusts, heirs, successors-in-interest, or assigns of any such excluded Person, in their capacities as such. Also excluded from the Settlement Class will be any Settlement Class Member who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion that is accepted by the Court.

3.      The Court finds and preliminarily concludes for purposes of the Settlement only that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d)      Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class

Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are preliminarily certified as Class Representatives for the Settlement Class.  The law firm of Labaton Keller Sucharow LLP ("Labaton") is preliminarily appointed Class Counsel.

5.      **Settlement Hearing.** A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15A New York, NY 10007 on _____, 2026, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class

4

Representatives for the Settlement Class; and whether the law firm of Labaton should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website for the Settlement set up by the Claims Administrator, described further in paragraph 10 below.

7.    **Approval of Form and Manner of Giving Notice.**  The Court approves the form, substance and requirements of the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice, and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1, 2, 3 and 4, respectively, and finds they: (a) constitute the best

notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7)), as amended by the PSLRA, and the rules of this Court.

8.    **Retention of Claims Administrator and Notice Date.**  The Court approves the retention of Epiq Class Action & Claims Solutions ("Claims Administrator") as the Claims Administrator. The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  The Claims Administrator may also email the Postcard Notice (or Notice) or a link to the Postcard Notice (or Notice) to Settlement Class Members, to the extent the Claims Administrator is provided with email addresses.  Estée Lauder, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, at no cost to Lead Counsel or the Claims Administrator, as soon as practicable after entry of this Preliminary Approval Order, records from Estée Lauder's transfer agent, to the extent they exist, containing the names, addresses, and emails (to the extent available) of Settlement Class Members in electronic searchable form.

9.      **Nominee Procedures.** The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other Persons and entities that purchased or otherwise acquired Estée Lauder publicly traded common stock during the Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, provide a list of the names, addresses, and emails (to the extent available) of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice or Notice, either (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.  Nominees that elect to mail or email the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with this order

7

shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.    Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and the Claim Form can be downloaded.  The Claims Administrator shall also mail copies of the Notice and the Claim Form upon request. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

11.    **Approval of Summary Notice.** The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities entitled thereto.

13.    **Claims Process.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator: (a) at the address indicated in the Claim Form, postmarked no later than fifteen (15) calendar days before the Settlement Hearing; or (b) submitted electronically through the website for the Settlement no later than fifteen (15) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)    The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed (including name, address, phone number and email address (if any)), signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized

9

statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.  Claimants bear the burden of establishing their eligibility for a recovery from the Settlement.

(c)    As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

15.    **Exclusion from Settlement Class.** Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re The Estée Lauder Co., Inc. Securities Litigation*, No.  1:23-cv-10669-AS

(S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information required in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Estée Lauder publicly traded common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     **Objections to Settlement.** Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.)"; (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of Estée Lauder publicly traded common stock purchased, acquired or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any Settlement Class Member's objection

to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Michael P. Canty, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Barry Berke and Monica K. Loseman, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166; and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

18.    Attendance at the Settlement Hearing is not necessary, however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

12

19.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

21.     **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.     **Settlement Fund.** No Person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

13

25. **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of April 2, 2026.

26. **Use of this Order.** Neither this Order nor the Stipulation (whether or not finally approved or consummated), nor their negotiation, nor any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be

14

construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; nor (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws would not have exceeded the Settlement Amount.

27.    **Jurisdiction.**  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2026

BY THE COURT:

_____
HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

15

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE THE ESTÉE LAUDER CO., INC.
SECURITIES LITIGATION

Case No. 1:23-cv-10669-AS

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired the publicly traded common stock of The Estée Lauder Companies Inc. during the period from February 3, 2022 through February 3, 2025, both dates inclusive (the "Class Period"), and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.[1]

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to recover from the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the proposed Settlement will create a $210,000,000 cash fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved fees, expenses, and Taxes. This is an average recovery of approximately $0.68 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.46 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System (collectively, "Lead Plaintiffs" or the "Michigan Funds"), that have been asserted on behalf of the Settlement Class (defined below) against The Estée Lauder Companies Inc. ("Estée Lauder" or the "Company"); Fabrizio Freda and Tracey T. Travis (the "Individual Defendants" and, together with Estée Lauder, "Defendants").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated _____, 2026 (the "Stipulation"), which can be viewed at www._____.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____, 2026** | The only way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS NO LATER THAN _____, 2026** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. *See* Question 10 for details. |
| **OBJECT NO LATER THAN _____, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON ____, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN ____, 2026** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

What Is this Notice About? ... Page __
How do I know if I am part of the Settlement Class? ... Page __
Are there exceptions to being included? ... Page __
Why is this a class action? ... Page __
What is this case about and what has happened so far? ... Page __
What are the reasons for the Settlement? ... Page __
What does the Settlement provide? ... Page __
How can I receive a payment? ... Page __
What am I giving up to receive a payment and by staying in the Settlement Class? ... Page __
How do I exclude myself from the Settlement Class? ... Page __
If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? ... Page __
Do I have a lawyer in this case? ... Page __

How will the lawyers be paid?                                              Page __
How do I tell the Court that I do not like something about the
  proposed Settlement?                                                     Page __
What is the difference between objecting and seeking exclusion?           Page __
When and where will the Court decide whether to approve the
  Settlement?                                                             Page __
Do I have to come to the Settlement Hearing?                              Page
May I speak at the Settlement Hearing?                                    Page __
What happens if I do nothing at all?                                      Page __
Are there more details about the Settlement?                             Page
How will my claim be calculated?                                          Page __
Special notice to securities brokers and nominees.                        Page __

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Lead Plaintiffs have entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $210,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Estée Lauder publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.68 per allegedly damaged share.  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.46 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on several factors, including, but not limited to: (i) the number of claims submitted; (ii) the amount of the Net

3

Settlement Fund; (iii) when and how many shares of Estée Lauder publicly traded common stock the Settlement Class Member purchased or otherwise acquired; and (iv) whether and when the Settlement Class Member sold Estée Lauder common stock. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omissions that were materially false or misleading, or were otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent; (iii) the amount by which the price of Estée Lauder publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of Estée Lauder publicly traded common stock during the Class Period.

3.    Defendants have denied and continue to deny each and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs or the Settlement Class have suffered any damages, or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.

**Statement of Attorneys' Fees and Expenses Sought**

4.        Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel,[2] for attorneys' fees from the Settlement Fund in an amount not to exceed 32% of the Settlement Fund, which includes any accrued interest, or $67,200,000, plus accrued interest.  Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $875,000 plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.22 per allegedly damaged share of Estée Lauder publicly traded common stock.  A copy of the Fee and Expense Application will be posted on www._____ after it has been filed with the Court.

**Reasons for the Settlement**

5.        For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of having a class certified; the uncertainty inherent in the Parties' various and competing theories of liability, causation and damages; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in complex class action litigation.

---

[2] "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP ("Labaton") and Vanoverbeke Michaud & Timmony P.C.

6. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7. Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Michael P. Canty, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

8. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Estée Lauder Securities Settlement*, c/o _____, P.O. Box ____, ___, info@____, www.____.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1. What Is this Notice About?** |
| --- |

9. You may have received a Postcard Notice about the proposed Settlement. This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or acquired Estée Lauder publicly traded common stock during the Class Period. **Receipt of this Notice or the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit a Claim Form, which is available at www.____.com.** *See* **Question 8 below.**

10.    The Court directed that notices be provided to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.    The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.).  The Action is assigned to the Honorable Arun Subramanian, United States District Judge.

| **2.  How do I know if I am part of the Settlement Class?** |
| --- |

12.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **All persons and entities that purchased or otherwise acquired the publicly traded common stock of The Estée Lauder Companies Inc. during the period from February 3, 2022 through February 3, 2025, both dates inclusive, and were allegedly damaged thereby.**

13.    If one of your mutual funds purchased or otherwise acquired publicly traded Estée Lauder common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased or otherwise acquired publicly traded Estée Lauder common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  The Parties do not independently have access to your trading information.

7

| 3. Are there exceptions to being included? |
|---|

14.    Yes.    There are some individuals and entities who are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer, director or Control Person of Estée Lauder during the Class Period and their immediate families; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Estée Lauder's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, subsidiaries, trusts, heirs, successors-in-interest, or assigns of any such excluded Person, in their capacities as such.

15.    Also excluded from the Settlement Class will be any Person or entity who or which excludes themselves from the Settlement Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 10 below.

| 4. Why is this a class action? |
|---|

16.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System to serve as Lead Plaintiffs and has appointed Labaton Keller Sucharow LLP to serve as Lead Counsel.

8

### 5. What is this case about and what has happened so far?

17.    Estée Lauder is a leading prestige beauty company that manufactures, markets, and sells skincare, makeup, fragrance, and haircare products worldwide. Estée Lauder's business includes its travel retail business segment, which sells Estée Lauder products in duty-free locations such as airports and cruise ships. As alleged in the Complaint, a resale industry known as *daigou* exists in certain Asian markets whereby resellers bulk purchase luxury goods at reduced, duty-free prices, and resell them to end-consumers in mainland China at prices below retail. Lead Plaintiffs alleged that Defendants made materially false and misleading statements and omissions during the Class Period regarding the source and sustainability of Estée Lauder's success in its travel retail business, specifically with respect to Estée Lauder's allegedly undisclosed reliance on *daigou* to generate high volume, unsustainable sales.

18.    On February 20, 2024, pursuant to the PSLRA, the Court issued an order that, *inter alia*, appointed the Michigan Funds as Lead Plaintiffs and approved their selection of Labaton as Lead Counsel.

19.    On March 22, 2024, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), which asserted claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.

20.    On May 3, 2024, Defendants filed a motion to dismiss the Complaint. Lead Plaintiffs filed their memorandum of law in opposition to the motion to dismiss on June 3, 2024, and on June 17, 2024, Defendants filed their reply thereto. On March 31, 2025, the Court issued

9

an Opinion and Order that denied Defendants' motion to dismiss, but determined that one alleged misstatement was not actionable.

21.     Prior to the start of discovery in the Action, Lead Plaintiffs, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.  Additionally, Lead Plaintiffs, through Lead Counsel, contacted and interviewed former employees who provided information about Estée Lauder and the allegations in the Action.  Lead Counsel consulted with experts on loss causation and damages issues and engaged an outside investigation firm to assist with its efforts to conduct investigations in Asia.

22.     Discovery commenced in April 2025.  On April 15, 2025, Lead Plaintiffs and Defendants filed a jointly Proposed Case Management Plan proposing case deadlines, including those related to discovery and class certification. On April 21, 2025, Lead Plaintiffs served on Defendants Lead Plaintiffs' First Requests for Production of Documents to Defendants.  Also on April 21, 2025, Defendants served on Lead Plaintiffs Defendants' First Requests for Production of Documents to Lead Plaintiffs.

23.     On May 5, 2025, Defendants filed their Answer to the Complaint.  The same day, the Parties exchanged initial disclosures and interrogatories.  The Parties engaged in numerous

meet and confer conferences regarding the scope of discovery and began their document productions as those negotiations continued.

24.     The Parties held several meet-and-confers to discuss their respective responses and objections to various document requests and interrogatories.  The Parties also disagreed about the relevant time period for Defendants' document production and discovery requests as Lead Plaintiffs sought discovery into a period of time broader than the class period alleged in the Complaint, i.e., through and including February 28, 2025.  On July 31, 2025, Lead Plaintiffs brought this issue before the Court for determination, and requested that the Court order that the relevant time period for Defendants' document production was January 1, 2020 through February 28, 2025.  The Court granted Lead Plaintiffs' motion.

25.     Between September 2025 and March 2026, Lead Plaintiffs noticed the issuance of third-party subpoenas to six entities.

26.     By the time an agreement in principle to settle had been reached, Lead Plaintiffs, Defendants, and third parties collectively produced approximately 124,000 documents (approximately 684,000 pages).  Additionally, Lead Plaintiffs conducted one deposition of Estée Lauder, pursuant to Rule 30(b)(6).

27.     On July 25, 2025, Lead Plaintiffs filed their motion for class certification.  In connection with Lead Plaintiffs' motion, Defendants conducted depositions of Lead Plaintiffs' class certification expert, the Lead Plaintiffs, and one third-party investment manager.

28.     The Parties began exploring the possibility of a settlement in August 2025 and subsequently retained the Honorable Layn Phillips (Ret.) of Phillips ADR Enterprises to act as mediator in the case (the "Mediator").  On December 4, 2025, Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator.

In advance of the session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. The session ended without any settlement being reached.  The Parties continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

29.     On January 23, 2026, Defendants filed their opposition to Lead Plaintiffs' motion for class certification, which was supported by four expert reports.  On January 24, 2026, Defendants filed their Motion to Exclude Opinions in the Expert Report of Matthew D. Cain, Ph.D. and Related Testimony.

30.     On January 27, 2026, Lead Counsel and Defendants' Counsel, among others, participated in a half-day, virtual mediation session before the Mediator.  In advance of the session, the Parties held separate virtual discussions with the Mediator's team.  The session ended without any settlement being reached.  Another mediation session before the Mediator was held in person on March 17, 2026, and attended by Lead Counsel and Defendants' Counsel.  In advance of the session, the Parties once again held separate virtual discussions with the Mediator's team.  The session ended without any settlement being reached, however the Parties continued discussions with the Mediator following the mediation.

31.     On March 23, 2026, the Mediator issued a proposal to settle the Action, which the Parties accepted on April 1, 2026.  Part of the proposal included extending the Class Period to February 3, 2025, in order to afford the Released Defendant Parties "complete peace" with respect to potential claims arising from additional disclosures by Estée Lauder between November 1, 2023 and February 3, 2025 relating to the allegations pled in the Complaint concerning Estée Lauder's purported reliance on *daigou* to generate sales. The Parties memorialized their agreement in a Term Sheet that was executed on April 2, 2026, subject to the execution of a formal settlement

12

agreement, related papers, and approval by the Court.  On _____, 2026 the Parties executed the Stipulation, which reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

> **6.  What are the reasons for the Settlement?**

32.    The Court did not finally decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

33.    Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the securities laws or otherwise.  Specifically, Defendants expressly have denied and continue to deny, among other things, each and all of the claims alleged in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Defendants have concluded that continuation of the

13

Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

<strong>THE SETTLEMENT BENEFITS</strong>

**7.  What does the Settlement provide?**

34.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Estée Lauder has agreed to pay or cause the payment of a two hundred and ten million dollar ($210,000,000) cash payment, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.  How can I receive a payment?**

35.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  You may obtain a Claim Form from the website for the Settlement, www._____, or from Lead Counsel's website, www.labaton.com, or submit a claim online at www._____.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (xxx) xxx-xxxx.

36.    Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than ____, 2026.**

### 9.  What am I giving up to receive a payment and by staying in the Settlement Class?

37.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action or (b) could have asserted in the Action, or any forum, that arise out of, are based upon, or relate to, both: (1) the purchase or acquisition of ELC common stock during the Class Period; and (2) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints that were filed in the Action or that could have been alleged as part of the Action concerning Estée Lauder's Asia travel retail and/or the Company's alleged reliance on *daigou* and/or unstructured sales.  For the avoidance of doubt, Released Plaintiffs' Claims do not include: (i) claims to enforce the Settlement; (ii) claims in any shareholder derivative action, including *In re The Estée Lauder Co., Inc. Derivative Litigation*, No. 1:25-cv-03857-AS (S.D.N.Y*.), Fernicola v. Travis, et al*, Index No. 520727/2025 (N.Y. Sup. Ct. Kings Cnty), and *In re The Estée Lauder Companies Inc. Stockholder Litigation*, C.A. No. 2025-1039-BWD (Del. Ch.); (iii) any claims brought by or on behalf of any regulatory or

15

governmental agency; or (iv) any claims of Persons who submit a request for exclusion that is accepted by the Court.

(b)    **"Released Defendant Parties"** means Defendants and each and all of their Related Parties and Defendants' Counsel.

(c)    **"Related Parties"** means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Control Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any immediate family member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of Defendants.

(d)    **"Unknown Claims"** means (i) any and all Released Plaintiffs' Claims against Released Defendant Parties which Lead Plaintiffs or any Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Defendant

16

Parties, or might have affected such party's decision not to object to this Settlement and (ii) any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, by operation of the Judgment or Alternative Judgment, upon the Effective Date, Lead Plaintiffs and Defendants shall have expressly waived, and each other Settlement Class Member shall be deemed to have waived, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully,

17

finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

38.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

39.     Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

40.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time period required for filing suit. Estée Lauder has the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| 10. How do I exclude myself from the Settlement Class? |
|---|

41.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.)."  You cannot exclude yourself by telephone or email. Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the person or entity requesting exclusion; (ii) state the number of shares of publicly traded Estée Lauder common stock the person or entity purchased or acquired during the Class Period, as well as the dates and prices of each purchase, acquisition, and sale of such shares; and (iii) be signed by the Person or entity requesting exclusion. A request for exclusion must be mailed so that it is **received no later than _____ , 2026** at:

*Estée Lauder Securities Settlement*
c/o _____
P.O. Box ___
___
City, STATE zip

42.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.

43.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
|---|---|

44.　　No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2026.

## THE LAWYERS REPRESENTING YOU

| 12. | Do I have a lawyer in this case? |
|---|---|

45.　　Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. | How will the lawyers be paid? |
|---|---|

46.　　Plaintiffs' Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Lead Counsel will seek, on behalf of Plaintiffs' Counsel, an attorneys' fee award of no more than 32% of the Settlement Fund, or $67,200,000, plus accrued interest.  Lead Counsel will also seek payment of Litigation Expenses incurred in the prosecution of the Action of no more than $875,000, plus accrued interest, which may include an application by Lead Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Settlement Class, pursuant to the PSLRA.

47.　　The Fee and Expense Application will be made collectively on behalf of Labaton Keller Sucharow LLP, located at 140 Broadway, 34th Floor, New York, NY 10005, and

20

Vanoverbeke Michaud & Timmony P.C., located at 79 Alfred Street, Detroit MI, 48201. Any attorneys' fees awarded by the Court will be divided between Labaton (at least 90% of awarded fees) and Vanoverbeke (up to 10% of awarded fees) pursuant to a fee sharing agreement between them. Any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **14. How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

48. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

49. To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.)." The objection must also: (i) state the name, address, telephone number, and email address (if any) of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, such as the number of shares of publicly traded Estée Lauder common

stock purchased or acquired during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than \_\_\_\_\_, 2026 and** be mailed or delivered to the following counsel so that it is **received no later than _____, 2026:**

<table>
<tr><td align="center"><b><u>Court</u></b></td><td align="center"><b><u>Lead Counsel</u></b></td></tr>
<tr><td align="center"><b>Clerk of the Court</b><br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007</td><td align="center"><b>Labaton Keller Sucharow LLP</b><br>Michael P. Canty, Esq.<br>140 Broadway<br>New York, NY 10005</td></tr>
</table>

**<u>Defendants' Counsel</u>**

**Gibson, Dunn & Crutcher LLP**
Barry H. Berke, Esq.
Monica K. Loseman, Esq.
200 Park Avenue
New York, New York 10166

50.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

22

**15. What is the difference between objecting and seeking exclusion?**

51.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16. When and where will the Court decide whether to approve the Settlement?**

52.    The Court will hold the Settlement Hearing on _____ , 2026 at __:__ __.m. (ET) at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15A, New York, NY 10007.

53.    At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

54.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without an individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www._____ to see if the Settlement Hearing stays as scheduled or is changed.

23

**17.  Do I have to come to the Settlement Hearing?**

55.    No. Lead Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2026**.

**18.  May I speak at the Settlement Hearing?**

56.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____, 2026**, submit a statement that you, or your attorney, intend to appear in "*In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19.  What happens if I do nothing at all?**

57.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant

Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

### 20. Are there more details about the Settlement?

58.    This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation and other documents filed in the case during business hours at the Office of the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

59.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website for the Settlement, www._____, or the website of Lead Counsel, www.labaton.com. You may also call the Claims Administrator toll-free at (xxx) xxx-xxx or write to the Claims Administrator at *Estée Lauder Securities Settlement*, c/o _____, P.O. Box ____, ___, info@_____. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

### 21. How will my claim be calculated?

60.    The Plan of Allocation below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional

25

notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website www._____.com and www.labaton.com.

61. The $210,000,000 Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court) ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

62. The objective of this Plan of Allocation is to distribute the Net Settlement Fund equitably among eligible Settlement Class Members who allegedly suffered economic losses as a result of the alleged violations of the federal securities law with respect to shares of Estée Lauder publicly traded common stock purchased or otherwise acquired during the Class Period (February 3, 2022 through February 3, 2025, both dates inclusive), and were allegedly damaged thereby. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will calculate Claimants' claims and shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim, as defined below.

63. To design this Plan of Allocation, Lead Counsel conferred with Lead Plaintiffs' consulting damages expert. The Plan of Allocation, however, is not a formal damages analysis.

26

The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover as damages after a trial. Nor are the calculations, including the Recognized Loss formulas, intended to estimate the amounts that will be paid to Authorized Claimants.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim amounts are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired Estée Lauder publicly traded common stock; and (iii) whether and when the Claimant sold his, her, or its Estée Lauder publicly traded common stock.

64.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiffs allege that Defendants issued materially false statements and omitted material facts during the Class Period, which allegedly artificially inflated the price of Estée Lauder publicly traded common stock.  Lead Plaintiffs alleged, or could have alleged, that corrective information released to the market before market open on November 2, 2022, February 2, 2023, May 3, 2023, August 18, 2023, November 1, 2023, May 1, 2024, August 19, 2024, October 31, 2024, and February 4, 2025 impacted the market price of Estée Lauder common stock in a statistically significant manner and removed the alleged artificial inflation from the share price on November 2, 2022, February 2, 2023, May 3, 2023, August 18, 2023, August 21, 2023, November 1, 2023, May 1, 2024, August 19, 2024, October 31, 2024,

and February 4, 2025.[3] Accordingly, in order to have a compensable loss in the Settlement, the shares of Estée Lauder common stock must have been purchased/acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

65. For purposes of determining whether a Claimant has a Recognized Claim, if a Claimant has more than one purchase/acquisition or sale of Estée Lauder publicly traded common stock during the Class Period, all purchases/acquisitions and sales will be matched on a "First In/First Out" ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

66. A "Recognized Loss Amount" will be calculated as set forth below for each purchase/acquisition of Estée Lauder publicly traded common stock during the Class Period, from February 3, 2022 through February 3, 2025, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

---

[3] Lead Plaintiffs allege that the corrective information released on August 18, 2023 removed artificial inflation over two trading days through August 21, 2023.

In consultation with their experts, Lead Plaintiffs have reduced the artificial inflation from the potential corrective disclosures between May 1, 2024 and February 4, 2025 by 90%. This reduction was done in recognition of the fact that the November 1, 2023 alleged corrective disclosure, as pled in the Complaint, revealed Estée Lauder's previously undisclosed reliance on *daigou* to generate sales in its travel retail business segment—the key fact underlying the alleged fraud. Moreover, because the potential disclosures between May 1, 2024 and February 4, 2025 had not been pled, amending the Complaint to include them would have resulted in a renewed motion to dismiss and additional legal challenges at class certification. Finally, these potential disclosures likely would have been subject to substantial disaggregation challenges, which could have resulted in only a *de-minimis* amount of damages on these dates.

67.     For each share of Estée Lauder publicly traded common stock purchased/acquired during the Class Period and sold before the close of trading on May 2, 2025, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number (a gain), that number shall be set to zero.

68.     The sum of a Claimant's Recognized Loss Amounts will be their Recognized Claim.

69.     **For each share of Estée Lauder publicly traded common stock purchased or otherwise acquired from February 3, 2022 through and including February 3, 2025, and:**

A. Sold before November 2, 2022, the Recognized Loss Amount for each such share shall be zero.

B. Sold during the period from November 2, 2022 through February 3, 2025, the Recognized Loss Amount for each such share shall be *the lesser of*:

    i.     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    ii.    the Out of Pocket Loss.

C. Sold during the period from February 4, 2025 through May 2, 2025, the Recognized Loss Amount for each such share shall be *the least of*:

    i.     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    ii.    the actual purchase/acquisition price of each such share *minus* the average closing price from February 4, 2025, up to the date of sale as set forth in **Table 2** below; or

    iii.   the Out of Pocket Loss.

D. Held as of the close of trading on May 2, 2025, the Recognized Loss Amount for each such share shall be *the lesser of*:

    i.     the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

29

ii.    the actual purchase/acquisition price of each such share *minus* $64.73.[4]

## TABLE 1

### Estée Lauder Publicly Traded Common Stock Artificial Inflation
### for Purposes of Calculating Purchase and Sale Inflation

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| February 3, 2022 to November 1, 2022 | $112.18 |
| November 2, 2022 to February 1, 2023 | $101.38 |
| February 2, 2023 to May 2, 2023 | $83.30 |
| May 3, 2023 to August 17, 2023 | $42.51 |
| August 18, 2023 | $37.46 |
| August 21, 2023 to October 31, 2023 | $31.05 |
| November 1, 2023 to April 30, 2024 | $5.09 |
| May 1, 2024 to August 16, 2024 | $3.29 |
| August 19, 2024 to October 30, 2024 | $3.02 |
| October 31, 2024 to February 3, 2025 | $1.35 |

## TABLE 2

### Estée Lauder Publicly Traded Common Stock Closing Price and Average Closing Price
### February 4, 2025 – May 2, 2025

| Date | Closing Price | Average Closing Price February 4, 2025 to Date Shown | | Date | Closing Price | Average Closing Price February 4, 2025 to Date Shown |
|---|---|---|---|---|---|---|
| 02/04/2025 | $69.47 | $69.47 | | 03/20/2025 | $68.02 | $69.79 |

---

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Estée Lauder publicly traded common stock during the "90-day look-back period," February 4, 2025 through May 2, 2025 (the last trading day before the 90-day period end date of May 4, 2025). The mean (average) closing price for Estée Lauder publicly traded common stock during this 90-day look-back period was $64.73.

30

| Date | Closing Price | Average Closing Price February 4, 2025 to Date Shown | Date | Closing Price | Average Closing Price February 4, 2025 to Date Shown |
|---|---|---|---|---|---|
| 02/05/2025 | $65.94 | $67.70 | 03/21/2025 | $66.95 | $69.71 |
| 02/06/2025 | $64.26 | $66.56 | 03/24/2025 | $67.45 | $69.64 |
| 02/07/2025 | $65.03 | $66.17 | 03/25/2025 | $66.08 | $69.54 |
| 02/10/2025 | $68.71 | $66.68 | 03/26/2025 | $65.89 | $69.44 |
| 02/11/2025 | $70.71 | $67.35 | 03/27/2025 | $66.95 | $69.37 |
| 02/12/2025 | $69.03 | $67.59 | 03/28/2025 | $65.42 | $69.26 |
| 02/13/2025 | $69.67 | $67.85 | 03/31/2025 | $66.00 | $69.18 |
| 02/14/2025 | $68.69 | $67.95 | 04/01/2025 | $67.87 | $69.15 |
| 02/18/2025 | $72.19 | $68.37 | 04/02/2025 | $68.76 | $69.14 |
| 02/19/2025 | $71.40 | $68.65 | 04/03/2025 | $58.19 | $68.88 |
| 02/20/2025 | $71.34 | $68.87 | 04/04/2025 | $52.93 | $68.51 |
| 02/21/2025 | $71.80 | $69.10 | 04/07/2025 | $52.95 | $68.15 |
| 02/24/2025 | $75.10 | $69.52 | 04/08/2025 | $50.06 | $67.75 |
| 02/25/2025 | $74.78 | $69.87 | 04/09/2025 | $56.16 | $67.50 |
| 02/26/2025 | $73.28 | $70.09 | 04/10/2025 | $53.30 | $67.20 |
| 02/27/2025 | $72.97 | $70.26 | 04/11/2025 | $55.23 | $66.95 |
| 02/28/2025 | $71.91 | $70.35 | 04/14/2025 | $55.59 | $66.72 |
| 03/03/2025 | $70.18 | $70.34 | 04/15/2025 | $54.41 | $66.47 |
| 03/04/2025 | $68.09 | $70.23 | 04/16/2025 | $52.66 | $66.20 |
| 03/05/2025 | $71.91 | $70.31 | 04/17/2025 | $54.47 | $65.97 |
| 03/06/2025 | $71.54 | $70.36 | 04/21/2025 | $54.39 | $65.76 |
| 03/07/2025 | $73.31 | $70.49 | 04/22/2025 | $55.94 | $65.57 |
| 03/10/2025 | $72.04 | $70.56 | 04/23/2025 | $57.26 | $65.42 |
| 03/11/2025 | $69.60 | $70.52 | 04/24/2025 | $58.65 | $65.30 |
| 03/12/2025 | $66.44 | $70.36 | 04/25/2025 | $59.39 | $65.20 |
| 03/13/2025 | $64.86 | $70.16 | 04/28/2025 | $59.14 | $65.09 |
| 03/14/2025 | $66.52 | $70.03 | 04/29/2025 | $59.59 | $65.00 |
| 03/17/2025 | $68.89 | $69.99 | 04/30/2025 | $59.96 | $64.92 |
| 03/18/2025 | $68.04 | $69.92 | 05/01/2025 | $58.89 | $64.82 |
| 03/19/2025 | $67.60 | $69.85 | 05/02/2025 | $59.39 | $64.73 |

**ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

62.     Estée Lauder publicly traded common stock (Ticker: EL) is the only security eligible for a recovery under the Plan of Allocation.  With respect to Estée Lauder publicly traded common stock acquired or sold through the exercise of an option, the acquisition/sale date of the

31

Estée Lauder common stock is the exercise date of the option and the acquisition/sale price is the exercise price of the option.

63.    Purchases, acquisitions, and sales of Estée Lauder publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.

64.    The receipt or grant by gift, inheritance, or operation of law of Estée Lauder publicly traded common stock during the Class Period will not be deemed an eligible purchase or acquisition of shares for the calculation of a Claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares unless: (i) the donor or decedent purchased such shares of Estée Lauder publicly traded common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

65.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

66.    If a Claimant has an opening short position in Estée Lauder publicly traded common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions will be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. If a Claimant newly establishes a short position during the Class

32

Period, the earliest subsequent Class Period purchase or acquisition will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

67.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

68.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

69.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action and related claims.

70.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical,

33

redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute. Any balance that still remains in the Net Settlement Fund after such re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys' fees and expenses, shall be contributed to the Consumer Federation of America, a non-sectarian, not-for-profit organization serving the public interest, or such other non-sectarian, not-for-profit organization approved by the Court.

71.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, Defendants' Counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

72.    Each Claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

73.    If you purchased or otherwise acquired Estée Lauder publicly traded common stock during the period from February 3, 2022 through February 3, 2025, both dates inclusive, for

the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE OR NOTICE OF THE SETTLEMENT**, **YOU MUST EITHER**: (a) provide a list of the names, addresses, and emails (if available) of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send a Postcard Notice promptly to such identified beneficial owners; or (b) **WITHIN TEN (10) CALENDAR DAYS** of receipt of notice (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator, mail them to all such beneficial owners or (ii) email the Postcard Notice or a link to the Postcard Notice to all such beneficial owners.  Nominees who elect to mail or email the Postcard Notice to their beneficial owners **SHALL ALSO** send a statement to the Claims Administrator confirming that the Postcard Notice was sent and shall retain their records for use in connection with any further notices that may be provided in the Action.  Upon **FULL AND TIMELY** compliance with these directions, nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; $0.03 per Postcard Notice emailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court.

74.    All communications concerning the foregoing should be addressed to the Claims

35

Administrator:

*Estee Lauder Securities Settlement*
c/o _____
P.O. Box ____

___
City, STATE ZIP
(xxx) xxx-xxxx
info@_____
www._____

Dated: _____, 2026                    BY ORDER OF THE U.S. DISTRICT COURT
                                        SOUTHERN DISTRICT OF NEW YORK

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE THE ESTÉE LAUDER CO., INC.
SECURITIES LITIGATION

Case No. 1:23-cv-10669-AS

Hon. Arun Subramanian

**PROOF OF CLAIM AND RELEASE FORM**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the class action entitled *In re The Estée Lauder Co., Inc. Securities Litigation,* No. 1:23-cv-10069-AS (S.D.N.Y.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.[1]

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____ NO LATER THAN _____, 2026 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Estée Lauder Securities Settlement*
c/o ____
P.O. Box ____

____
__, __ __

3.    If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of _____ ____, 2026 (the "Stipulation"), available at www.____.com.

**II.    CLAIMANT IDENTIFICATION**

4.    If you purchased or otherwise acquired the publicly traded common stock of The Estée Lauder Companies Inc. during the period from February 3, 2022 through February 3, 2025, both dates inclusive (the "Class Period"), and held the stock in your name, you are the beneficial and record owner of the shares. If, however, the shares were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Estée Lauder publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.    IDENTIFICATION OF TRANSACTIONS**

7.    Use **Part II** of this form entitled "Schedule of Transactions in Estée Lauder Publicly Traded Common Stock" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2

8.    On the schedules, provide all of the requested information with respect to the purchases or acquisitions of Estée Lauder publicly traded common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Estée Lauder common stock. The date of a "short sale" is deemed to be the date of sale.

10.    Claims must be accompanied by adequate supporting documentation for the transactions reported in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel. Self-generated emails or spreadsheets are not sufficient. Failure to provide sufficient documentation could delay verification of your claim or result in rejection of your claim. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ESTÉE LAUDER PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (___) __-__ to obtain the required file layout or visit www.___.com. No electronic files will be considered to have been properly submitted unless the

3

Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance

of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name        MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name        MI        Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City        State    ZIP/Postal Code

Foreign Country (only if not USA)        Foreign County (only if not USA)

Social Security No. (last four digits only)        Taxpayer Identification No. (last four digits only)

Telephone Number (home)        Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)        Pension Plan        Trust
Corporation        Estate
IRA/401K        Other _____ (please specify)

4

## PART II -  SCHEDULE OF TRANSACTIONS IN ESTÉE LAUDER PUBLICLY TRADED COMMON STOCK

**1.  BEGINNING HOLDINGS**–State the total number of shares of Estée Lauder publicly traded common stock held at the opening of trading on February 3, 2022. If none, write "0" or "Zero." (Must submit documentation.)_____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of Estée Lauder publicly traded common stock beginning on February 3, 2022 through, and including, February 3, 2025. (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of Estée Lauder publicly traded common stock purchased/acquired from February 4, 2025 through the close of trading on May 2, 2025.[2] (Must submit documentation.) _____

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD.**  Separately list each and every sale of Estée Lauder publicly traded common stock from February 3, 2022 through, and including, the close of trading on May 2, 2025. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

---

[2] Information requested in this Claim Form with respect to purchases/acquisitions from February 4, 2025 through the close of trading on May 2, 2025 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

5

**5. ENDING HOLDINGS–** State the total number of shares of Estée Lauder publicly traded common stock held as of the close of trading on May 2, 2025. If none, write "0" or "Zero." (Must submit documentation.) _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## IV.    SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the Notice. I (We) submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Estée Lauder publicly traded common stock and other Estée Lauder securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Estée Lauder publicly traded common stock during the time periods herein and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

14.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as

these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16. I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Estée Lauder publicly traded common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2026

| | |
|---|---|
| _____ | _____ |
| Signature of Claimant | Type or print name of Claimant |
| | |
| _____ | _____ |
| Signature of Joint Claimant, if any | Type or print name of Joint Claimant |
| | |
| _____ | _____ |
| Signature of person signing on behalf of Claimant | Type or print name of person signing on behalf of Claimant |

_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      Sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (___) ___-___ or email at ___.

6.      If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE THE ESTÉE LAUDER CO., INC.
SECURITIES LITIGATION

Case No. 1:23-cv-10669-AS

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:    All persons and entities that purchased or otherwise acquired the publicly traded**
**common stock of The Estée Lauder Companies Inc. during the period from**
**February 3, 2022 through February 3, 2025, both dates inclusive, and were**
**allegedly damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Southern District of New

York, that Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County

Retiree Health Care Fund, and Wayne County Employees' Retirement System (collectively,

"Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class; and

The Estée Lauder Companies Inc. ("Estée Lauder" or the "Company"), Fabrizio Freda and

Tracey T. Travis (the "Individual Defendants" and, together with Estée Lauder, "Defendants"),

have reached a proposed full and complete settlement of the claims in the above-captioned class

action (the "Action") and related claims in the amount of $210,000,000 (the "Settlement").

A hearing will be held before the Court on ____, 2026 at __:__ _.m. (ET) at the United

States District Court, Southern District of New York, Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, Courtroom 15A, New York, NY 10007 (the "Settlement Hearing")

to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable,

and adequate; (ii) dismiss the Action with prejudice, as provided in the Stipulation and

Agreement of Settlement, dated _____, 2026; (iii) for purposes of the Settlement only,

finally certify the Settlement Class, finally certify Lead Plaintiffs as Class Representatives for the Settlement Class, and finally appoint the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class; (iv) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (v) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Postcard Notice, you may obtain a copy, and the more detailed long-form Notice and Claim Form, by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Estée Lauder Securities Settlement*
c/o _____
P.O. Box ____
___
City, STATE ZIP
(xxx) xxx-xxxx
info@_____
www._____

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than* _____, *2026.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be entitled to share in the distribution of the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in its discretion, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the long-form Notice so that it is *received no later than* _____, *2026.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, but you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the parties in accordance with the instructions in the long-form Notice so that they are *received no later than* _____, *2026*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2026          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF NEW YORK

3

# Exhibit 4

***PLEASE VISIT WWW.XXXXXX.COM FOR MORE INFORMATION***

Lead Plaintiffs in the class action *In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve alleged violations of the federal securities laws under the Securities Exchange Act of 1934. Defendants deny any liability or wrongdoing. You received this Postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **All persons and entities that purchased or otherwise acquired the publicly traded common stock of The Estée Lauder Companies Inc. during the period from February 3, 2022 through February 3, 2025, both dates inclusive, and were allegedly damaged thereby.**

Pursuant to the Settlement, Defendants will pay or cause the payment of $210,000,000 in exchange for the full and complete settlement of the Action and the release of all claims asserted and related claims. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims. Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased shares of Estée Lauder common stock. If all Settlement Class Members participate, the estimated average recovery will be $0.68 per allegedly damaged share before deduction of Court-approved attorneys' fees and expenses and approximately $0.46 after. Your share of the Settlement proceeds will be determined by the plan of allocation in the long-form Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Postcard does not mean you are eligible.** The Claim Form can be found at www.XXXXX.com or you can request that one be mailed to you. You can also submit a claim online via the website. Claim Forms must be postmarked (if mailed), or submitted online, **on or before _____, 2026**. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class **on or before ___, 2026.** If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection **on or before _____, 2026**. **The long-form Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.**

The Court will hold a hearing on _____ , 2026 at __:__ __.m., to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 32% of the Settlement Fund in attorneys' fees, plus expenses of no more than $875,000. You may attend the hearing and ask to be heard by the Court, but you do not have to.

*[RETURN ADDRESS]*

**COURT-ORDERED LEGAL NOTICE**

*In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.)

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**The postcard provides only limited information. For more information, please:**

Visit:    www.XXX.com and read the detailed Notice
Call:     (XXX) XXX-XXXX
Email:    info@XXXXX

[ADD QR Code]