**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE ESTÉE LAUDER CO., INC. SECURITIES LITIGATION | Case No. 1:23-cv-10669-AS<br>Hon. Arun Subramanian |

**[PROPOSED] FINAL JUDGMENT**

**WHEREAS:**

A. As of May 6, 2026, Lead Plaintiffs Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Wayne County Employees' Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and The Estée Lauder Companies Inc. ("Estée Lauder"), Fabrizio Freda and Tracey T. Travis (the "Individual Defendants" and, together with Estée Lauder, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered May 13, 2026 (the "Preliminary Approval Order"), the Court scheduled a hearing for August 20, 2026 at 2:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action and the Plan of Allocation on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, or emailed on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by July 30, 2026;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On July 16, 2026, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on August 20, 2026 at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the

Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on May 7, 2026; and (ii) the notices, which were filed with the Court on July 16, 2026. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement.** The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired the publicly traded common stock of The Estée Lauder Companies Inc. during the period from February 3, 2022 through February 3, 2025, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) any person who was an officer, director or Control Person of Estée Lauder during the Class Period and their immediate families; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Estée Lauder's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal

representatives, affiliates, subsidiaries, trusts, heirs, successors-in-interest, or assigns of any such excluded Person, in their capacities as such. Also excluded from the Settlement Class are Persons and entities who or which excluded themselves from the Settlement Class by submitting a timely and valid request for exclusion. Exhibit A attached hereto lists the requests for exclusion that are timely and valid, according to the requirements identified in this Court's Preliminary Approval Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs as class representatives for the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5. **Notice.** The Court finds that the dissemination and publication of the Postcard Notice, Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

6. **Objections.** There have been no objections to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims.** Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on March 22, 2024 (the "Complaint"), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings.** The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. **Releases.** The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein by reference.

11. Upon the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, (ii) covenanted not to sue any Released Defendant Parties with respect to all such Released Plaintiffs' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

12. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, estates, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, (i) fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties, (ii) covenanted not to sue any Released Plaintiff Party with respect to all such Released Defendants' Claims, and (iii) shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing,

instituting, prosecuting or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13. Notwithstanding paragraphs 10–12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14. **Binding Effect of Settlement.** Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. **No Admissions.** This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties or any Person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or

admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and

(f) without limiting the generality of the foregoing, all Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Specifically, Defendants expressly

have denied, and continue to deny, among other things, each and all of the claims alleged by Lead Plaintiffs in the Action, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action or that any alleged misstatements or omissions were made. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damages, or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action or that they could have alleged as part of the Action.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. **Termination of the Settlement.** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 48 of the Stipulation.

18. **Extensions.** Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be

considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this 13 day of October, 2026

BY THE COURT:

HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**List of Persons and Entities Excluded from the Settlement Class**
**Pursuant to Request**

1. Norges Bank

2. Union Asset Management Holding AG on behalf of itself and Union Investment Luxembourg S.A., Union Investment Institutional GmbH, Union Investment Privatfonds GmbH

3. British Columbia Investment Management Corporation